# Phillips *v.* Jackson.

### *Ejectment.*

(Decided November 7, 1914. Rehearing denied December 17, 1914. 67 South. 450.)

1. *Appeal and Error; Questions Presented; Record.*—Where the bill of exceptions showed the offer of an instrument in evidence, an objection by defendant, and a request for leave to state the grounds of his objection, but nothing more, the propriety of the admission of the instrument cannot be reviewed, as the bill shows no ruling thereon, or any exception to ruling.

2. *Same; Questions Reviewable.*—Where evidence other than that contained in the bill of exceptions might have been heard below, the question whether the judgment was contrary to the evidence cannot be reviewed on appeal.

3. *Same; Presentation of Grounds; Court Below.*—Unless an exception was seasonably reserved at the trial, the admission of illegal evidence cannot be reviewed, although assigned as a ground for motion for new trial.

[Phillips v. Jackson.]

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. D. SMITH.

Ejectment by Henry Jackson, as guardian, against James L. Phillips. Judgment for plaintiff, and defend-ant appeals. Affirmed.

The case was tried by the court without a jury. There was judgment for plaintiff with a special finding of facts with respect to the instrument of title referred to in the opinion. The bill of exceptions contains the following recitals (after the instrument was identi-fied) : The plaintiff then offered the said instrument in evidence. Whereupon Mr. A., for defendant, objected to the admission of the said instrument in evidence, ask-ing and obtaining leave from the court to state the grounds of his said objection later in the trial and the said grounds of objection as later in the trial stated by counsel for defendant are herein below set out in this bill of exceptions. The ruling of the court on said objection was reserved until the grounds were stated.	*	*	* Plaintiff rests.

The defendant then gave the following grounds for objection to the introduction of the written instrument signed by Emma Phillips and John L. Phillips, etc. (setting out objection) :

Defendant's Evidence.	*	*	* The bill of excep-tions does not purport to set out all of the evidence.

ALLEN, FISK & TOWNSEND, for appellant.

J. W. CHAMBLEE, and ROSCOE CHAMBLEE, for appel-lee.

SOMERVILLE, J.—The only question argued in brief of counsel, and, indeed, the only question in the case, is upon the admissibility of a certain written in-

strument as a muniment of title in favor of the plaintiff.

(1) Whatever may be the nature and effect of this writing, the bill of exceptions does not show any ruling nor any exception taken in the court below with respect to its introduction and use as evidence. Hence the first four assignments of error are without the necessary foundation in the record.—*Stuart v. Mitchum,* 135 Ala. 546, 551, 33 South. 670; *L. & N. R. R. Co. v. Binion,* 107 Ala. 645, 18 South. 75.

(2, 3) Whether or not the judgment was rendered contrary to the law or the evidence, we could not determine without all the evidence before us; and, consistently with the recitals of the bill, there may have been other evidence before the court than what is shown by the bill. Nor, as to the other ground, can a motion for new trial, because of illegal evidence admitted, secure a review of its admission in the absence of an exception seasonably reserved during the trial.—*Tobias v. Treist,* 103 Ala. 664, 15 South. 914.

Moreover, the assignment of error is not argued by counsel and must be treated as waived.

Upon these considerations, we are constrained to an affirmance of the judgment appealed from.

Affirmed.

ANDERSON, C. J., and McCLELLAN and MAYFIELD, JJ., concur.