28 So.2d 714

**ALABAMA GREAT SOUTHERN R. CO. v. SWAIN.**

**6 Div. 495.**

Supreme Court of Alabama.

Jan. 16, 1947.

536

Benners, Burr, Stokely & McKamy and Greye Tate, all of Birmingham, for appellant.

Taylor, Higgins, Koenig & Windham, of Birmingham, for appellee.

years of age. From a judgment for the plaintiff defendant appeals.

Plaintiff's child was a passenger in a truck driven by its grandfather. The defendant's "streamlined" passenger train en route from Meridian, Mississippi, to Birmingham, Alabama, which was being operated at the time under a "run late order of 20 minutes," collided with the truck in the city of Bessemer, at the 15th Street Crossing at about 2:30 P.M., on September 2, 1945; the weather was clear and dry. All five passengers were killed, and the truck fastened to the pilot of the engine. This was a populous crossing, so known to the engineer and fireman, with a speed limit by City ordinance of 15 miles per hour. Confessedly the train was running at a speed of 45 to 50 miles per hour, though plaintiff offered proof to show a speed in excess of that mileage.

The trial was had upon counts A and B, the first alleging simple negligence and the second wanton conduct. That the evidence justified the submission of the issues under both counts to the jury is not questioned on this appeal. Nor was there involved any question of contributory negligence.

The only matters, therefore, of consequence here are those relating to the amount of recovery.

The first three assignments of error relate to the refusal of charges requested by defendant, numbered 39, 26 and 29, which appear in the report of the case. These charges deal with the punitive character of the action, upon which the trial judge in a clear, but more general language had instructed the jury.

But the question of the sufficient coverage by the oral charge of the court laid aside and undetermined, we conclude the court was justified in refusing the charges. Under recent decisions of this court these charges were misleading on account of their use of criminal terminology in dealing with the question of recoverable damage. That charges of this character may properly be refused as misleading was expressly decided in Hampton v. Roberson, 231 Ala. 55, 163 So. 644, following the language of the opinion in Esdale v. Baxter,

GARDNER, Chief Justice.

The suit is by the father under our homicide statute, Title 7, § 119, Code 1940, for the death of his minor child—three

219 Ala. 256, 122 So. 12. To like effect, see Mobile L. & R. Co. v. Nicholas, 232 Ala. 213, 167 So. 298 (treating charge 43); Williams v. Wicker, 235 Ala. 348, 179 So. 250 (considering charge A–7); Claude Jones & Son v. Lair, 245 Ala. 441, 17 So.2d 577 (discussing charge 19); and Patrick v. Mitchell, 242 Ala. 414, 6 So.2d 889, justifying refusal of charge 2.

Counsel for defendant lay much stress upon Karpeles v. City Ice Delivery Co., 198 Ala. 449, 73 So. 642, wherein the opinion discusses given charge 8. It will be observed that the opinion discloses upon its face that in view of the fact there was judgment for defendant there was no necessity for a treatment of this charge. What was said, therefore, in regard thereto was dictum. And, in addition, we think it clear enough the discussion by the learned author of the opinion discloses that the question of criminal terminology was not in mind, nor called to the attention of the court in considering this charge. The author was in reality considering the feature of the charge which justified an instruction to the jury that they should as of course consider the conditions surrounding and affecting the act of defendant's agent in determining the question of punitive damages. And, in Graham v. Werfel, 229 Ala. 385, 157 So. 201, there was a general reference to a charge of similar character as having been approved in the Karpeles case. We think, however, the more recent cases above noted clearly indicate the view of the court that charges of this nature are misleading and may properly be refused. Defendant can, therefore, take nothing by these assignments of error.

The remaining questions presented in brief relate to objections interposed to argument of counsel for plaintiff to the jury. The objection in each instance was sustained by the trial court and we are, therefore, not concerned primarily with the propriety vel non of the argument. The court not only sustained the objection, but admonished the jury they were not to consider the argument to which objection was interposed and sustained. This was not done in a perfunctory manner so far as we read it from the record, but the language was clear and emphatic. The proof tends to show the truck demolished by the collision had come to a full stop just prior to going upon the track, and the indications are this stop was for the passage of a freight train. Immediately upon the passage of the freight train the truck proceeded and was struck by the passenger train traveling at an unlawful speed as recognized by the engineer. The proof was that five persons were killed in this accident and their bodies scattered along the track. One witness states he saw one hand and, also, some intestines along the track. The mere recital of the resulting facts suffices, without more, to disclose the tragedy of this collision.

■ The court having sustained the objections of defendant to the argument, as we have observed, the sole question for consideration is whether or not the argument was of such a character as that any harmful effect was ineradicable under the line of authorities noted by counsel for defendant. Prudential Ins. Co. v. Calvin, 227 Ala. 146, 148 So. 837; Metropolitan Life Ins. Co. v. Carter, 212 Ala. 212, 102 So. 130; Watts v. Espy, 211 Ala. 502, 101 So. 106; Moore v. Holroyd, 219 Ala. 392, 122 So. 349; Alabama Fuel & Iron Co. v. Benenante, 11 Ala.App. 644, 66 So. 942.

■■ We have frequently stated in our decisions where argument is grossly improper and highly prejudicial to the opposing party neither retraction by counsel or exclusion or rebuke by the trial court can destroy its sinister influence. Watts v. Espy, supra; Prudential Ins. Co. v. Calvin, supra; Metropolitan Life Ins. Co. v. Carter, supra. Though there appear to have been four separate objections to argument of counsel, we think a general treatment will suffice for all. We have pointed out, as observed in Alabama Fuel & Iron Co. v. Benenante, supra, that the true position of an attorney before the court is that of an aide and assistant. He is an officer of the court, amenable to its authority and subject to its correction. And, by way of admonition to counsel in regard to illegal argument, we have also warned that there

is an effective way of repressing the wrong by way of setting aside a judgment obtained by highly prejudicial and improper argument.

But, in the exercise of our authority on appeal, we should be fully convinced that the argument is wholly improper and of a highly prejudicial character to such an extent as prompt and repressive measures by the trial judge will not eradicate any harmful effect such argument may be said to produce. This for the reason that the rights of parties are involved which must be duly respected, notwithstanding we may disapprove the method pursued in argument. From a careful reading of this record we are not persuaded that arguments to which objections were interposed were so improper and highly prejudicial that the prompt action of the court as shown did not entirely eradicate it from the minds of the jury.

The first objection was to the opening argument of counsel for plaintiff. In his appeal for a large verdict he made the statement if they should render such a verdict which would stop the headlines of human lives scattered up the tracks they would have done their duty. Such was the substance of the argument. The objection was sustained and defendant's motion for a mistrial overruled. Defendant's counsel stated that he objected to reference to the newspaper headlines, as well as to the indication that they were trying more than one case. The court replied: "Yes. Gentlemen, let it be clear you are trying a case for the death of one person and, of course you should not consider that argument which I have excluded from your consideration entirely. Disregard it; sweep it from your minds; don't pay any attention to it. I am sure you can do that, gentlemen. I charge you to do it; instruct you to do it as forcibly as I can." We are fully persuaded that this very prompt and emphatic instruction to the jury eradicated from the minds of the jury any effect that such argument could have had in consideration of their judgment.

In another objection counsel for plaintiff in the closing argument, likewise appealing for a large verdict, made the statement that whatever amount was awarded "You can't put that baby back in that lady's arms." The objection was sustained by the trial judge, saying to the jury: "I will ask you not to consider that statement, gentlemen. You will exclude it entirely."

A further objection to the argument of counsel that the baby had her head crushed and intestines out, the counsel for defendant stated that there was no evidence that the intestines were out, and the court excluded the statement, and overruled the motion for a mistrial. The record discloses evidence tending to show the head and body of the child was crushed, lacerations and abrasions, and some intestines scattered on the track. True, there was no direct testimony as to whether or not the intestines were from the body of this child. But whatever inference the jury may draw from this evidence, the exclusion by the court was favorable to the defendant, and admonition to the jury thus eliminating such as evidence to be considered. Clearly enough the jury had a full grasp of the gruesome details of this tragic accident without regard to any such statement, which was there repudiated by the trial court.

In another argument counsel, still pleading for a large verdict, stated that this was their last day in court, referring, as he later said, to this particular case. And, again insisting upon a large verdict stated to the jury not to worry about the size of the verdict as he was employed to take care of that. Defendant's counsel appears to be of the opinion that such an argument is designed to have the jury avoid their own responsibility. Whatever conclusion may be reached as to the propriety of such argument we think the court did all that could be expected, and all that could be required when he sustained the objection and instructed the jury they were "to comply with your duty regardless of anyone else's duty. Don't let the fact somebody else is looking out after something cause you to sway away from duty. I instruct you gentlemen. Disregard that statement. Don't consider it whatever."

■ We are unwilling to hold that the arguments to which objections were inter-

540

posed were so improper and highly prejudicial as to call for a mistrial of the cause in view of the very prompt and emphatic instruction of the trial judge. Louisville & N. R. Co. v. Sullivan, 244 Ala. 485, 13 So.2d 877; Sharp v. State, 193 Ala. 22, 69 So. 122; Mobile L. & R. Co. v. Nicholas, 232 Ala. 213, 167 So. 298.

■ The remaining question relates to the insistence that the verdict for $12,500. was excessive. In considering this question there must be taken in consideration not only the fact that this case is rested upon the homicide statute where the damages recoverable are punitive in nature, but it must also be borne in mind there was sufficient proof for submission to the jury that the engineer and fireman were guilty of wanton conduct, particularly the former, in running the train at so high a rate of speed over such a populous crossing in a rather large city, and in known violation of its ordinances. In Mobile Electric Co. v. Fritz, 200 Ala. 692, 77 So. 235, this court referred to the fact that punitive damages were recoverable under the statute, but in addition consideration should be had to the evidence which warrants the finding of wantonness on the defendant's part, as well as the further fact that the judge who presided at the trial saw and heard the witnesses, declined to set the verdict aside or to suggest its reduction, as he might have done. See also Southern Express Co. v. Roseman, 206 Ala. 681, 91 So. 612; Jack Cole, Inc., v. Walker, 240 Ala. 683, 200 So. 768; Central of Georgia R. Co. v. Ellison, 199 Ala. 571, 75 So. 159; Louisville & N. R. Co. v. Cross, 205 Ala. 626, 88 So. 908; Louisville & N. R. Co. v. Phillips, 202 Ala. 502, 80 So. 790.

■ Giving due weight to all these considerations we are unwilling to disturb the verdict and judgment.

It results that we find no error to reverse and the judgment will accordingly be here affirmed.

Affirmed.

FOSTER, LAWSON, and STAKELY, JJ., concur.