39 So.2d 653

**SMITH v. REED.**

**6 Div. 801.**

Supreme Court of Alabama.
March 31, 1949.

Jackson, Rives & Pettus, of Birmingham, for appellant.

Gibson & Hewitt, of Birmingham, for appellee.

STAKELY, Justice.

This is a suit brought by Mrs. Ada. Reed as Administratrix against E. Dale Smith under the homicide act, § 123, Title 7, Code of 1940, for the wrongful death of Mrs. Mattie Hays. The case was submitted to the jury on two counts, one charging simple negligence, the other charging wantonness and the plea of the general issue in short by consent. There was verdict and judgment for the plaintiff in the sum of $10,000 and hence this appeal.

The case arose out of a collision between two automobiles in the City of Birmingham at the intersection of Fayette Avenue and Lomb Avenue. The accident occurred on November 15, 1947 five or ten minutes after 2 P.M. The automobile of the defendant proceeding north on Fayette Avenue collided with the automobile of George D. Shubert proceeding east on Lomb Avenue. Mrs. Mattie Hays who was riding on the front seat of the car of George D. Shubert was fatally injured in the collision.

The defendant with his fiancee and another couple were on their way from Atlanta and Anniston to Legion Field in Birmingham for a football game. The kick-off was at 2 P.M. Finding themselves lost and being unacquainted with Birmingham, defendant had asked for directions to Legion Field and had been directed to proceed north on Fayette Avenue. At the southeast corner of the intersection of Lomb Avenue and Fayette Avenue there is a stop sign against traffic approaching Lomb Avenue from the south. The stop sign reads "Dangerous Stop." The defendant entered the intersection without stopping.

Tendencies of the evidence showed the following. George D. Shubert was driving 25 to 30 miles an hour as he approached the intersection. His car entered the intersection first. He had started to enter the intersection when he first saw the other car and was 20 to 25 feet over into the intersection when the impact occurred. There was nothing to obstruct the view of the defendant of the stop sign. He was traveling 60 miles per hour and did not slacken his speed as he entered the intersection. According to an onlooker who had stopped his car at the stop sign on the north side of Lomb Avenue the Shubert car was knocked straight up in the air. The Shubert car was spun around and came to rest on the north line of Lomb Avenue a few feet from the intersection with Fayette Avenue. It was 49 feet from the point of impact to the front end of the Shubert car. The defendant's car ran up on a vacant lot at the northeast intersection of Lomb Avenue and Fayette Avenue and it was 61 feet from the point of impact to the rear of the defendant's car. Mrs. Hays was thrown from the car in which she was riding and Mrs.

Shubert who was riding on the back seat was found with her head dangling out of the car down to the running board. Both George D. Shubert and his wife were rendered unconscious.

Fayette Avenue is a street 40 feet wide and is paved with concrete across its entire width. The width of the paved part of Lomb Avenue is 19 feet. There were tendencies of the evidence showing that the defendant approached the intersection at about 25 miles per hour, that both cars reached the intersection about the same time and that a parked car obstructed the defendant's view of the stop sign which he did not see.

Reversal is sought on (1) alleged prejudicial remarks of counsel and (2) the action of the court in refusing certain written charges requested by the defendant.

Assignments 1 through 6 inclusive. Assignments 1 through 5 are based on questions or remarks of counsel which are claimed to have created such prejudice and bias in the minds of the jury as to call for a reversal. In each instance there was objection to the question or statement which was sustained and motion then made for a mistrial, which in each instance was overruled. In each instance the court admonished the jury to disregard the question or remark of counsel and to understand that the question or statement could not be considered as evidence in the case. Assignment 6 is based on the action of the court in overruling a motion for a new trial based, among other things, on the cumulative effect of alleged prejudicial questions or remarks of counsel.

There was testimony by S. W. Hammett of the Police Department of the City of Birmingham, who went to the scene of the accident, that he smelled alcoholic liquor on the breath of the defendant. On cross-examination by the defense the witness was asked if the defendant was intoxicated to which the witness replied that he would not say he was intoxicated, but he was under the influence to some degree. The witness then gave the following answers to the following questions propounded by defendant's counsel.

"Q. You placed no charge of drunkenness against him? A. No, sir.

"Q. You placed no charge of driving while intoxicated against him? A. No, sir."

On redirect examination the witness was asked the following question by counsel for the plaintiff, "Mr. Hammett, Mr. Rives asked you whether you placed Mr. Smith under arrest for reckless driving or driving a car while intoxicated. When you arrest a man for manslaughter, you don't do that, do you?" Error, if any, was cured by the admonition of the court to the jury. White Swan Laundry v. Blue, 223 Ala. 663, 137 So. 898; Milton v. State, 213 Ala. 449, 105 So. 209; Alabama Lime & Stone Co. v. Adams, 218 Ala. 647, 119 So. 853; Fortson v. Hester,[1] 39 So.2d 649.

It is insisted that there was error in the questioning of the defendant as follows:

"Q. And at the time of the accident where did you live? A. I lived in Decatur at the time of the accident.

"Q. Decatur, Georgia? A. That is right. That is a suburb of Atlanta.

"Q. That is a suburb of Atlanta. It is a residential section that adjoins Atlanta, isn't it? A. That is right.

"Q. Just like Mountain Brook joins Birmingham? A. That is it probably. I don't know what Mountain Brook is.

"Q. Sort of swanky."

On direct examination the defendant testified that he now lived at 704 Dill Avenue, Atlanta, Georgia. In answer to interrogatories defendant stated that his address was 744 Dill Avenue, S. W., Atlanta, Georgia. The assignment of error embraces the entire foregoing portion of the record, a part of which is clearly not subject to criticism. But apart from this, error, if any, was cured by the instruction of the court. See Birmingham Electric Co. v. Perkins, 249 Ala. 426, 31 So.2d 640.

During the concluding argument of counsel for the plaintiff counsel for the defendant made objection to various remarks of counsel for the plaintiff. In each of these instances the objection of counsel for the defendant was sustained. In one of these instances counsel for the plaintiff said: "If your Honor, please, I would like to interpose my objection to counsel continuously jumping up and interrupting my argument. I am only answering his argument which the reporter has in writing on the record." It is the insistence of the appellant that this was a reflection upon counsel for the defendant and placed counsel for the defendant in the position of being unduly contentious.

In sustaining the objection to this statement of counsel and in overruling the motion for a mistrial the court emphatically stated in substance to the jury that counsel for the defense not only had the right but it was his duty in the interest of his client to make objection to argument or evidence when in his opinion the argument or evidence was not competent and that no inference prejudicial either to counsel or his client could be drawn from the making of objection.

We do not feel that there was any effort to reflect on counsel for the defendant, as was done in Birmingham Electric Co. v. Ryder, 225 Ala. 369, 144 So. 18, cited by appellant. See Pacific Mutual Life Ins. Co. v. Green, 232 Ala. 50, 166 So. 696. Error, if any, was cured by the instructions of the court to the jury.

Objection was made to the following words of counsel for the plaintiff in his closing argument to the jury: "But Gentlemen of the Jury, when we ask them to come over here we don't want them to come over here and cut lives short and cut out the lives of you, your mothers and children." Upon consideration of the argument made on both sides of the case, we are unwilling to say that there is error in the argument because counsel for the plaintiff was making an argument like in kind to that previously made by counsel for the defendant. Tea Java Coffee Co. v. Saxon China Co., 207 Ala. 33, 91 So. 885; Fidelity-Phenix Fire Ins. Co. v. Murphy, 231 Ala. 680, 166 So. 604; Alabama Power Co. v. Bowers, Ala.Sup., 39 So.2d 402. Besides we feel satisfied that error, if any, was cured by the admonition of the trial court. Authorities supra.

Error is sought to be predicated upon the following statement made by coun-

---

1. Post, p. ——.

sel for plaintiff in his closing argument to the jury: "If you award $50,000 we ask for and the Supreme Court says it is too much they can cut it down." Not only was the argument like in kind to that previously made by counsel for the defense (authorities supra), but, error, if any, was cured by the instruction of the court. Alabama Great Southern R. Co. v. Swain, 248 Ala. 535, 28 So.2d 714.

What we have said is sufficient to show there was no error in overruling the motion for a new trial because of alleged prejudicial questions or statements of counsel. Birmingham Electric Co. v. Perkins, 249 Ala. 426, 31 So.2d 640. Besides in the matter of argument of counsel "much must be left * * * to the enlightened judgment of the trial court, with presumptions in favor of the ruling." Birmingham Electric Co. v. Mann, 226 Ala. 379, 147 So. 165, 166.

Assignments 7 and 8. These assignments are based on the refusal respectively to give charges 45 and 46 requested by the defendant. There was no error in either refusal. It is sufficient to say that they are misleading and the charges each assume a material fact in the controversy or ignore important phases of the evidence. Birmingham Electric Co. v. Perkins, supra.

The judgment of the lower court is due to be affirmed.

Affirmed.

BROWN, FOSTER and LAWSON, JJ., concur.