42 So.2d 623

**W. M. SMITH & CO. et al. v. HARRIS.**

6 Div. 759.

Supreme Court of Alabama.

Oct. 6, 1949.

Rehearing Denied Nov. 17, 1949.

Francis H. Hare, Birmingham, for appellee.

Lange, Simpson, Robinson & Somerville, Birmingham, for appellants.

LAWSON, Justice.

On the night of August 24, 1945, there was a collision between an automobile driven by William Rayburn Hicks and a truck (tractor-trailer) belonging to W. M. Smith and Company, at a point on U. S. Highway 11 approximately seven and one-half miles north of the city of Fort Payne.

In the car with Hicks was his bride of one day, his fourteen year old sister, Claudine, and a soldier, David B. Whittemore, whom Hicks had picked up. Hicks was also a soldier and was on furlough at the time of the accident.

William Rayburn Hicks, the driver of the car, and his wife were killed. The other two passengers were injured.

This suit, filed November 27, 1945, is to recover damages for personal injuries sustained by the plaintiff, Claudine Hicks, a minor, suing by next friend. The cause came on for trial on February 23, 1948. In the meantime Claudine Hicks had married one Kenneth Harris. The complaint was amended in this respect.

The trial resulted in a verdict in favor of the plaintiff in the amount of $6,750. Judgment was in accord with the verdict. Motion for new trial having been overruled, the defendants have appealed to this court.

At the time of the collision the truck was moving in a southerly direction and the car in which plaintiff was riding was traveling north.

The plaintiff, a witness in her own behalf, testified that she was awake at the time of the collision and that she saw the lights of the truck before the collision and that the truck was on the wrong side of the road in that, although it was moving in a southerly direction, it was on the eastern side of the road.

Within a comparatively short time after the accident the defendants below, under the provisions of § 477, Title 7, Code 1940, propounded interrogatories to the plaintiff. One of her counsel presented these interrogatories to plaintiff and she answered them orally in his presence. Counsel noted her answers and after he returned to his office the answers were typewritten and a copy furnished to counsel for defendants. The answers to the interrogatories had not been verified at the time they were submitted to counsel.

In answering some of the interrogatories plaintiff stated that although she was not asleep at the time of the collision, she was "drowsy and sleepy" and was "not fully conscious of what was taking place"; that she had no recollection of the points on the highway occupied by the two vehicles as they approached the point of collision. On February 23, 1948, many months after the answers alluded to above were made,

but before they were filed, plaintiff added to the answer previously made the following explanatory statement: "I received a terrible blow on the head in this accident and for about a year my mind and memory were confused and bad. During that time my lawyer brought me more than 100 questions which they told me the defendants could require me to answer in 60 days. I was to swear to my answers. I would not even try to answer the questions as to the position of the cars on the road until my memory returned more to normal. I just said 'I don't remember now' or 'I don't know.' I am still not entirely recovered, but my memory of the accident is now clear enough for me to add this much: We were on our side of the road and the trailer was in front of us on our side of the road. From the lights it looked like the trailer tried to cut over to its right side but the trailer did not get out of our path."

After the said explanatory statement was added, the answers to the interrogatories were sworn to on February 23, 1948, and were filed in open court on the following day.

Counsel for defendants, before introducing the said answers in evidence, moved to exclude the voluntary explanatory statement above set out. This motion was denied, to which action the defendants excepted. The answers as sworn to were then introduced in evidence.

Counsel for defendants insists here that the trial court's action in denying his motion to exclude constitutes reversible error. We cannot agree with this contention. The plaintiff, while on the stand as a witness, gave testimony to the same effect. Conceding without deciding that the court erred in not excluding the said explanatory statement, such action could not work a reversal as it was without injury to defendant, in view of plaintiff's testimony at the trial of her condition at the time she first answered the interrogatories. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

Reversible error is not made to appear in connection with the request of counsel

for plaintiff that defendants' counsel permit him to see certain pictures which were in the file of defendants' counsel and which had not been introduced in evidence. Although counsel for defendants complied with the request, a colloquy ensued between counsel for the respective parties relative to the request, after which counsel for defendants moved for a mistrial. Mistrial was denied by the trial court and the jury was instructed that counsel for defendants was under no obligation to comply with such a request and that his action in so doing was his own voluntary act.

■ On the cross-examination of the defendant's truck driver, counsel for plaintiff asked the witness, in effect, if a certain statement which he had made, and which it was contended was in conflict with his answer to interrogatories, was not made because he had been informed by counsel for defendants that his answer as set out in the interrogatory was contrary to the physical facts. The defendants' objection to the question was sustained. However, defendants' motion for a mistrial was denied. The court on two occasions expressly instructed the jury to eliminate the question completely from their minds. We are of the opinion that the instruction of the court was sufficient, under the circumstances, to eradicate any prejudicial influence the question may have had on the jury, and that the mistrial was properly denied. Hammond Motor Co. v. Acker, 219 Ala. 291, 122 So. 173.

One of the attorneys for plaintiff, in argument to the jury, made the following statement: "I want to state in advance I made an investigation of this case; I made a very thorough investigation of it. I questioned every witness you have seen take the stand. I saw them at the time the accident occurred—within 30 days of the time the accident occurred. I have heard what they have said the last two or three days and I have seen every mark on that highway and, I believe, I know what occurred. As a result, I am convinced this driver, Barney Brasher, was guilty of negligence which caused the accident."

Because of this argument counsel for defendants moved for a mistrial. Mistrial was denied, but the court instructed the jury as follows:

"I will say to you, gentlemen, the argument made is an improper argument, and I will say to you, counsel can only argue the evidence. Counsel could only testify by taking the stand and being sworn and being subject to cross-examination, and he couldn't give you his opinion, but only the fact, and it would be for you to say.

"So, the argument made, gentlemen, is an improper argument. I will exclude it from your consideration. Whatever opinion he may have based on an investigation is an improper matter for your consideration and you will give no consideration to it. On your oaths as jurors in the case, gentlemen, I charge you you will give no consideration to it. Don't let it influence you at all. It has nothing to do with it."

■ We are of the opinion that the ruling and instructions of the trial court were sufficient to remove any hurtful consequences from this argument of plaintiff's counsel.

■ It also insisted that the motion for a new trial should have been granted because of certain other remarks made by attorney for plaintiff in his argument, to which no objection was made and no ruling had until after the verdict and judgment. When so, the trial court will not be reversed for overruling a motion for a new trial on that account unless the argument was so grossly improper and highly prejudicial as that neither retraction nor rebuke would have destroyed its influence. Clendenon v. Yarbrough et al., 233 Ala. 269, 171 So. 277, and cases there cited.

We need not inquire whether the court should have sustained a motion to exclude the argument or any of it had such motion been made, but think that it was not so prejudicial as to be ineradicable. Lindsey v. Kindt, 221 Ala. 190, 128 So. 139; Clendenon v. Yarbrough, supra.

■ It is urged by appellants that the verdict was excessive, and for this reason the motion for a new trial should have been granted. The court has carefully considered the evidence as it relates to the extent

82

of plaintiff's injuries, and is of the opinion that the verdict is not excessive.

The foregoing disposes of all questions sufficiently argued by appellants.

The judgment of the trial court is affirmed.

Affirmed.

BROWN, FOSTER, and SIMPSON, JJ., concur.