72 So.2d 102

**AMERICAN RUBBER CORP. et al.**

**v.**

**JOLLEY.**

**8 Div. 716.**

Supreme Court of Alabama.

April 15, 1954.

Bell, Morring & Richardson, Huntsville,
for appellants.

Clark E. Johnson, Jr., Albertville, Roy D. McCord, Rowan S. Bone, Gadsden, for appellee.

STAKELY, Justice.

This is a suit for damages growing out of an alleged nuisance. Woody W. Jolley (appellee) owns a house and lot in the residential area of Albertville, Alabama, in which he resides as a home. The house is a newly constructed house, having been built in about 1950. On or about April 1, 1951, American Rubber Corp. (one of the appellants), began operating a rubber plant or factory in a building formerly used as a cotton warehouse. This building is adjacent to or in close proximity to the home of Woody W. Jolley. Tendencies of the evidence show that after the operation of the rubber plant or factory began, vibrations were felt in the home of Woody W. Jolley. Various cracks and defects began to appear in the house and there was a constant noise arising from the operation of the rubber factory or plant to such an extent that Woody W. Jolley could not sleep and because of the dust created by the operation of the plant, it was necessary to keep the windows of the house down on the side towards the plant.

The case was tried on one count to which we shall later refer, to which the defendants pleaded the general issue. Thomas J. Brumlik and Warren G. Brumlik (appellants), two of the officers of the defendant corporation, were also made parties defendant to the suit. The result of the trial was a verdict and judgment for the plaintiff in the sum of $4,000 which was later reduced to the sum of $1,500. It is from this judgment that the appeal comes to this court.

Assignment No. 2. Although there were two counts in the original complaint, the case was tried only on count two as amended. The demurrer to Count Two as originally filed attacked the count on the theory that the count contained two separate causes of action, one growing out of injuries from the nuisance in its permanent condition, and the other for injuries growing out of the nuisance from its abatable condition. This court has shown that these are different causes of action and should not be combined in one count. Goodyear Tire & Rubber Co. v. Gadsden Sand & Gravel Co., 248 Ala. 273, 27 So.2d 578; Harris v. Town of Tarrant City, 221 Ala. 558, 130 So. 83.

Count two as originally filed contained the allegation that the "defendants by and through their agents or servants, acting within the line and scope of their employment, during the time aforesaid, constructed and erected a rubber plant or factory and other constructions necessary and incident to the suitable operation of said rubber plant." Evidently in order to eliminate from the count any claim for damages growing out of the nuisance in its permanent condition, the words "constructed and erected" were eliminated by amendment to count two and in lieu thereof were inserted the words, "installed and maintained machinery and equipment for the operation of their rubber plant or factory." But count two also contains the further allegation: "Plaintiff avers that the defendants acting by and through their duly authorized servants or agents, which said servants or agents were acting within the line and scope of their employment, have installed and erected upon and maintained and operated until the time of the filing of this suit, said rubber plant and factory * * *." The court overruled the demurrer to count two as amended, but the record fails to show the demurrer to count two as amended or that the original demurrer filed to count two was refiled to count two as amended. We, therefore, do not have before us on the record a ruling of the court which we can review.

Assignment No. 3. The court overruled a motion for continuance on the ground that one of the attorneys for the defendant was ill. However other attorneys for the defendant were present, ready and able to conduct the trial of the cause. We find no error in the ruling. A motion to postpone the trial of a case is addressed to the sound judicial discretion of the trial

court and its refusal is not reviewable except for gross abuse of discretion. We find no such abuse of discretion in the present case. City of Birmingham v. Banks, 228 Ala. 295, 153 So. 189.

Assignment No. 4. In seeking to describe the home of plaintiff, the plaintiff was asked the following question and gave the following answer: "What kind of structure is that you have there?" A. Well, it is what you call a wheel chair house." It is complained that the question and answer were designed to arouse bias and prejudice in the minds of the jurors. It is sufficient to say that there was no objection to the question and no objection to the answer.

Assignment No. 5. It is insisted that the court was in error in overruling the appellants' motion for a mistrial predicated on the ground of an improper and prejudicial statement in the presence of the jury by the appellee's attorney. The attorney said: "We offer to show, your Honor, that this man is a paraplegic Veteran." There is no reversible error here. The offer to show that the plaintiff was a paraplegic Veteran was made after the court had sustained objection to the following question asked the plaintiff by his counsel, "How did you obtain funds for building that house, Mr. Jolley?" Furthermore, the court promptly stated to the jury there was no such evidence before the jury and directed the jury to disregard the statement. We are not satisfied that the statement was so prejudicial that the prompt action of the court did not eradicate prejudice, if any, from the minds of the jury. Alabama Great Southern R. Co. v. Swain, 248 Ala. 535, 28 So.2d 714; Smith v. Reed, 252 Ala. 107, 39 So.2d 653.

Assignment No. 6. It is contended that the court was in error in allowing the plaintiff to testify to the reasonable market value of his home. It is claimed that the difference between the value of the plaintiff's property before the commencement of the alleged nuisance and afterwards is the correct measure of damages for a permanent nuisance but not for a temporary nuisance and in the latter case evidence as to such value is inadmissible. See Sloss-Sheffield Steel & Iron Co. v. Mitchell, 161 Ala. 278, 49 So. 851. Our examination of the record, however, shows that there was no objection to this testimony, which is a sufficient answer to the contention.

Assignment No. 13. The appellants objected to the following question asked the appellee's witness James Hoffman, "What did it cost to build that home?" Hoffman was the contractor who built the house. His answer was that the contract price was $16,400 and the total cost of the property was $19,905.20. Since the nuisance complained of was abatable and remediable, although the plaintiff could not recover for depreciation in the market value of his premises, he could recover the reasonable expense of restoring the premises and the depreciation of the rental or usable value during the continuance of the injury. City of Eufaula v. Simmons, 86 Ala. 515, 6 So. 47; Sloss-Sheffield Steel & Iron Co. v. Mitchell, supra; 66 C.J.S., Nuisances, § 175, pages 978–979. In order to prove such damages, testimony as to the cost or value of the property along with testimony as to other factors, such as for example location of the property, and the type of the property, would be competent as affording the jury a basis on which such damages could be computed. There was, accordingly, no error in the ruling of court.

Assignment No. 14. It is contended that the court erred in overruling appellants' objection to the question asked the appellee's witness James Hoffman on direct examination. "All right. When you inspected the house then what did you find?" The witness had just previously testified that he inspected the house at the appellee's request "on May of 1952." It is the position of appellants that damages recoverable for the operation and maintenance of an abatable nuisance are limited to the twelve month period immediately preceding the filing of the suit and evidence of injuries allegedly caused by the nuisance should be confined to those occurring within such period. This suit was filed March

27, 1952. However, there was no error in allowing the witness Hoffman to testify concerning the condition of the house in May 1952. The condition of the house at this time was substantially the same as during the period in issue and furthermore had probative value on the issues in the case. It was admissible not only for the purpose of corroborating the testimony of the plaintiff and other witnesses, but also was admissible standing alone as tending to show damages sustained by the property and by the plaintiff during the twelve month period immediately preceding the filing of the complaint. Tutwiler Coal, Coke & Iron Co. v. Nichols, 146 Ala. 364, 39 So. 762.

■ Assignments Nos. 16, 17 and 18. As to these assignments of error it is sufficient to say that there was no exception to the rulings of the court which form the basis respectively of these assignments. Phillips v. Jackson, 190 Ala. 586, 67 So. 450.

■ Assignment No. 19. There was no error in overruling appellants' objection to the admission in evidence of photographs identified as Exhibits 3, 4, 5 and 6. The photographs tended to show the kind and nature of the property in question and tended to show that the plaintiff lived in a residential district. Previous testimony had disclosed that there had been no material changes in the residences or the area for quite some time. There was no objection to Exhibits 3, 4 and 5. The defendants introduced a map of the area by the same witness and after the discussion of the map, the plaintiff had a right to introduce photographs made at or about the same time as the map was made. Furthermore on appellants' own motion, the jury was sent to view the same premises which the pictures represented. There was no error here. Phillips v. Jackson, supra; Tutwiler Coal, Coke & Iron Co. v. Nichols, supra.

■ Assignment No. 20. It is contended that the court erred in overruling appellants' motion for a mistrial on the ground of improper remarks of counsel for the appellee in cross examining the witness, Travis Butler, saying: "If you told it, you would lose your job", the witness having testified that he was then on appellants' pay roll and having just answered that his house adjacent to appellants' plant "never shook at all." It is sufficient to say that the court instructed the jury to disregard the question and any imputation it might have. Alabama Great Southern R. Co. v. Swain, supra; Smith v. Reed, supra.

Assignment No. 21. There was no error in overruling appellants' motion to strike from the record certain testimony concerning the condition of plaintiff's house in May 1952. It is doubtful if the court was sufficiently informed to properly rule on the motion. Furthermore, there was evidence that there was no substantial change in the condition of the premises. No testimony was allowed during the trial of the cause to show any difference in the market value after the establishment of the rubber factory. The testimony in question had probative value to prove material allegations of complainant's complaint and was further admissible to corroborate the testimony of the plaintiff and other witnesses. Tutwiler Coal, Coke & Iron Co. v. Nichols, supra; Jefferson Fertilizer Co. v. Rich, 182 Ala. 633, 62 So. 40; Beam v. Birmingham Slag Co., 243 Ala. 313, 10 So.2d 162.

■ Assignments Nos. 22, 23, 24 and 31. There was no error in overruling appellants' motion for a mistrial on the ground of an improper statement of appellee's counsel in arguing the case to the jury as follows: "Oh, yes, they can make their rubber tires, they can make thousands of stacks of it, but they can't afford to pay this poor, crippled Veteran." In connection with the motion the court at once said: "Gentlemen, you are not to decide this on the fact, if it be a fact, that this plaintiff is a crippled Veteran. That is not part of the damages and is not proper and I will at this time instruct counsel —it is something counsel should already know—that is not proper argument. They cannot decide this case on prejudice or anything of that nature. Decide it on what the facts are. Keep that in mind."

We do not consider that there is reversible error here. Any error was cured by the instruction of the court. Alabama Great Southern R. Co. v. Swain, 248 Ala. 535, 28 So.2d 714; Smith v. Reed, 252 Ala. 107, 39 So.2d 653; W. M. Smith & Co. v. Harris, 253 Ala. 78, 42 So.2d 623. Furthermore, there was evidence introduced on cross examination by appellants' counsel as to the crippled condition of the plaintiff.

Assignment No. 27. Error is predicated on the refusal to give the following charge requested in writing by the appellants. "The Court charges you, Gentlemen of the Jury, that under the pleadings in this cause, the plaintiff cannot recover damages for loss in the market value of his property." From our examination of the entire record when this charge is taken in connection with the oral charge, we do not consider that the refusal of the charge constitutes reversible error. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

We conclude that the judgment of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.