116 So.2d 563

**Bryant P. LONG et al.**

v.

**Lee W. O'MARY, Director.**

4 Div. 6.

Supreme Court of Alabama.

Dec. 17, 1959.

**100**

J. W. Brassell and Roy H. Phillips, Phenix City, for appellants.

MacDonald Gallion, Atty. Gen., and Julius Cage, Jr., Asst. Atty. Gen., for appellee.

LAWSON, Justice.

This is a child custody case.

The appeal to this court is by Bryant P. Long and his wife, Pearl Long, from a final decree of the Circuit Court of Russell County, in Equity, ordering that the child be removed from the custody of the Longs and placed in the care, custody and control of the State Department of Pensions and Security.

The child is illegitimate. He was born on June 9, 1958. Within a few days of his birth his mother placed him in the custody of Mrs. Long, in accordance with an agreement previously made. The Longs paid the mother's hospital expenses.

There is some indication in the record to the effect that the Longs instituted adoption proceedings in the Probate Court of Russell County and that the child's mother evidenced her consent to such an adoption. The record further indicates that the mother later withdrew her consent and the petition for adoption was denied.

The present litigation was commenced on December 2, 1958, by the filing of a "Petition for Custody" in the equity court by Lee W. O'Mary as the Director of the Russell County Department of Pensions and Security. The petition averred, among other things, that the child "should be adjudged a ward of the State since he is in need of the care and protection of the State because he is in such condition and surroundings in the home of Bryant P. and Pearl Long and is under such improper and insufficient guardianship or control as to endanger his morals, health and general welfare."

The Circuit Court of Russell County, in equity, has the inherent power and jurisdiction to determine questions relating to the custody of minor children. It was not deprived of that jurisdiction by the provisions of § 351, Title 13, Code 1940. See Whitfield v. Saulsberry, 247

Ala. 690, 26 So.2d 93; Ex parte Graham, 266 Ala. 1, 95 So.2d 390.

The State Department of Pensions and Security now has the responsibilities and exercises all the powers and duties previously invested by law in the State Department of Public Welfare and the County Departments of Pensions and Security now have the responsibilities, powers and duties previously given to the County Departments of Public Welfare. Act 341, effective October 1, 1955, 1955 Acts of Alabama, p. 763.

■ The right of a court of equity upon petition of a director of a County Department of Pensions and Security to award a dependent or neglected child to the State Department of Pensions and Security is not questioned. See Ex parte Graham, supra; Bianco v. Graham, 268 Ala. 385, 106 So.2d 655.

■■ The grant or refusal of a continuance rests within the discretion of the trial court. Dollar v. McKinney, 267 Ala. 627, 103 So.2d 785; American Rubber Corp. v. Jolley, 260 Ala. 600, 72 So.2d 102, 67 A.L.R.2d 489; Ex parte Driver, 258 Ala. 233, 62 So.2d 241. We cannot say with any degree of certainty that the record reflects an abuse of discretion by the trial court in refusing the continuance. True, the senior member of the firm representing the Longs had been hospitalized the day before the trial commenced. But his partner appeared at the hearing and expressed the desire that the cause proceed after a few hours delay, rather than have the custody of the child awarded temporarily to the State Department of Pensions and Security in the event a long continuance was granted, as the trial court indicated would be his ruling.

■■ We consider that the allegations of the petition are sufficient to call into exercise the full jurisdiction of the equity court with respect to the custody of the child in question. Mere legal niceties of pleading are not favored in cases of this character. Bureau of Catholic Charities v. Deakle, 253 Ala. 471, 45 So.2d 163; Scott v. Scott, 247 Ala. 598, 25 So.2d 673; Easterling v. Caton, 260 Ala. 543, 71 So.2d 835.

■ Bryant P. Long was called as a witness by the complainant and was examined concerning prior arrests and convictions. It is here asserted that Long was thereby required to give evidence against himself in violation of § 6 of Article 1 of the Constitution of Alabama. There is no merit in this assertion. Assuming without deciding or conceding that Long was entitled to refuse to testify in this case because the evidence given by him would tend to incriminate him, we observe that this record does not show that Long was compelled to testify. He was simply called as a witness and apparently took the stand without protest from him or his lawyer. The privilege against self-incrimination, even in those instances where it is available, is "purely a personal one, and can be claimed only by the witness, or by someone authorized to protect his interests, and, unless so claimed is waived." Southern Ry. Co. v. Bush, 122 Ala. 470, 490, 26 So. 168, 174.

■ Neither the illegitimate child about whom this case revolves nor the Longs will be benefited by a discussion in this opinion of the evidence adduced in the trial below, so we refrain from setting out the evidence in detail. Suffice it to say that the evidence shows that on more than one occasion Long had been convicted of crime and had served a sentence in the federal penitentiary. He had recently been convicted of lottery operations in Russell County. In view of his record, the age of the Longs, and the fact that the illegitimate child, if permitted to remain in their custody, would be brought up in the community where the facts concerning his birth were known, lead us to the inescapable conclusion that the court acted in the best interests of the infant and that its decision was not palpably against the evi-

dence. Where, as here, the testimony was taken orally before the trial court, the rule is that the finding will not be disturbed on appeal unless palpably wrong.

 It is well settled that a decree denying an application for rehearing in equity will not support an appeal. Nor is such a decree subject to review on assignments of error on appeal from the final decree. Equity Rule 62, Code 1940, Tit. 7 Appendix; Whitman v. Whitman, 253 Ala. 643, 46 So.2d 422; Hipp v. McMurry, 263 Ala. 11, 81 So.2d 531; Odem v. McCormack, 266 Ala. 465, 97 So.2d 574; Oliver v. Dudley, 267 Ala. 87, 100 So.2d 327.

We have treated of those assignments of error which have been adequately argued in brief. Inasmuch as we find no merit in any of those assignments of error, the decree of the trial court is due to be affirmed. It is so ordered.

Affirmed.

STAKELY, MERRILL and COLEMAN, JJ., concur.