225 So.2d 866

**Harold W. DOROUGH**

v.

**Kathy W. COLVARD.**

**3 Div. 398.**

Supreme Court of Alabama.

July 10, 1969.

Jerry L. Cruse, Montgomery, for appellant.

James W. Cameron, Montgomery, for appellee.

LAWSON, Justice.

Appellee was awarded a divorce from appellant by a decree of the Circuit Court of Montgomery County, Domestic Relations Division, rendered on November 16, 1967. Appellee was also awarded permanent custody of the two young children of the parties, a boy and a girl, both of whom were very young. By that decree appellant was ordered to make "child support pay-

ments." The ground for the divorce does not appear nor the amount of the payments appellant was ordered to pay for child support. The decree of November 16, 1967, does not appear in this record.

Appellee became ill and unemployed within a comparatively short time after the decree of November 16, 1967, was rendered. On February 16, 1968, appellee entered into an agreement with appellant whereby she gave temporary custody of the children to appellant. Both parties agreed that this temporary change in custody would not prejudice either party in the event of a subsequent petition being filed for permanent custody of the children. In appellant's brief it is said that the aforementioned agreement "was confirmed by the Court in the form of a decree." No such decree appears in this record.

On July 3, 1968, appellee married one Jerry Colvard.

On August 22, 1968, appellee filed a petition in the Domestic Relations Division of the Circuit Court of Montgomery County wherein she prayed that she be awarded permanent custody of the minor children and that appellant be ordered to resume "the child support payments heretofore decreed."

Appellant filed an instrument which bears the caption "Respondent's Petition to Modify." In that instrument appellant denied that appellee is able to provide a stable home for the children; averred that she is not a fit and proper person to have the care, custody and control of the children; averred that since February 16, 1968, he had provided a proper home for the children and that he is a fit and proper person to have the care, custody and control of the children. He prayed that the court award him permanent custody and control of the children.

At the hearing several witnesses testified orally before the trial court. After both sides rested, the following occurred:

"THE COURT: I tell you what I'm going to do. I'm going to have a home investigation made on both of these people.

"(Discussion off the record)

"I will wait until I get the two probation reports back in and I'll get hold of the lawyers.

"(Discussion off the record)"

The record contains a report made by a Mrs. Ann Muscari to Judge Thetford, the subject of which was "Home investigation of Harold W. Dorough concerning custody of Robert DOB: 2-4-64—Denise DOB: 12-28-64." Robert and Denise are the names of the two young children of the parties. "DOB" probably refers to the dates of their birth. Mrs. Muscari may be a probation officer of the trial court, but in the report she refers to herself as an investigator. Mrs. Muscari's report is undated and the record does not show a filing date.

The record also contains a letter from Mrs. Madeline S. Ingram, a child welfare worker for the Autauga County Department of Pensions and Security under date of September 25, 1968, to Judge Thetford. It reads:

"Re: Robert Dorough-Age 4
Denise Dorough-Age 3
6772–D
Case #10,048

"Dear Judge Thetford:

Enclosed pleas find report of the investigation of the home of Mrs. Kathy Colvard, Route 5, Box 493, Prattville, Alabama, as requested by Mrs. Ann Muscari, on September 19, 1968. Please advise if further information is needed. * * *"

Mrs. Ingram's report is set out in the record. It bears a filing date of September 30, "1969" (sic).

The trial court rendered its decree on October 11, 1968, wherein the custody of the minor children was awarded to appellee from September 1st to May 31st of each year, with appellant being given visitation rights every other weekend during such time. Appellant was awarded the custody of the children from June 1st to August 31st of each year, during which time appellee was given visitation rights every other weekend. Appellant was ordered to pay the sum of $25 per week for the support of the children during the time appellee had custody. Such payments are to be made into the trial court. Appellant was not ordered to make such payments during the time he had custody of the children. Provision was made for visitation and custody "at Christmas time."

From that decree the father of the children, Harold W. Dorough, has appealed to this court.

Appellant argues his Assignment of Error No. 3, which reads: "The court erred in considering the report of Madeline Ingram of the Autauga County Department of Pensions and Security."

While the record does not affirmatively show that Mrs. Ingram's report was considered, it is only reasonable to assume that it was considered by the trial court before the decree hereunder review was rendered. As counsel points out, it is replete with hearsay statements, but so is the report of Mrs. Muscari, which is favorable to appellant and, of course, appellant does not complain of the trial court's action in considering that report.

Under the provisions of Act 250, approved September 30, 1959, Acts of Alabama 1959, Vol. 1, p. 810, a domestic relation division of the circuit court was created in all counties of this state having a population of not less than 125,000 nor more than 225,000. Montgomery County comes within this population classification.

Section 8 of Act 250, *supra,* reads:

"On the filing of a bill of particulars for divorce or separate maintenance, where said bill or petition is contested, or where the support of children is in-

volved, the judge of the family relations division of the circuit may request one of the probation officers of said court to cause an investigation and report to be made as to the character, family relations, past conduct, earning ability and financial worth of the parties to the action. The report of such investigation shall be made available only to either party or his counsel of record and the court."

It is not necessary to pass on the question of whether the provisions of § 8, *supra,* would apply to a case where the only question involved was the custody of minor children, although it might well be argued that such was the legislative intent, because in this case the support of children is involved.

We think it clear that the trial court and counsel for both parties were under the impression that the provisions of § 8 were applicable to this case and that the trial court in determining the question of custody and support could consider reports made or caused to be made by a probation officer "as to the character, family relations, past conduct, earning ability and financial worth of the parties to the action." Counsel for appellant did not voice any objection when the trial court announced that he was going to have "a home investigation made on both these people" and that he would "wait" until he got "the two probation reports back in." Nor did counsel for appellant undertake to prevent the trial court from considering those reports before final decree was rendered.

 We hold there is no merit in appellant's Assignment of Error No. 3.

The other assignment of error argued by appellant is to the effect that the trial court erred in awarding custody of the two minor children to appellee from September 1st to May 31st of each year.

A delineation of the evidence, including the two reports, would serve no useful purpose.

We are clear to the conclusion that the oral testimony and the reports fully support a finding that it is to the best interest of the two young children that they be placed in the custody of their mother.

In this case the appellee did not agree for appellant to have permanent custody of the children, as was the situation in McGee v. McGee, ante p. 320, 224 So.2d 672, and in Ayers v. Kelley, ante p. 321, 224 So.2d 673.

The evidence in this case, aside from the reports, was heard orally before the trial court. We cannot say that the trial court's findings as to the facts are plainly erroneous or palpably and manifestly wrong. Long v. O'Mary, 270 Ala. 99, 116 So.2d 563.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.