CRAWLEY, Judge,
concurring in the result only.
I believe that the circuit court had the inherent power to call Rountree to account for his involvement in this case even though he had not formally filed an appearance. The issue is not whether Rountree had filed an appearance but whether his actions impeded the proceedings of the court.
“There is a duty resting upon courts to preserve order [and] to prevent the interruption of their proceedings.... The power to punish for contempt which is inherent in the courts necessarily includes all acts tending to impede ... the administration of justice.”
E. Langel, Contempt § 42 at 16, 17 (Nat’l Lawyers’ Manual Co.l939)(emphasis added). I do not think the fact that Rountree kept his actions along the periphery of this lawsuit insulated him from corrective action by the court. An attorney, as “an officer of the court [is] amenable to [the court’s] authority and subject to its correction.” Alabama Great Southern R. Co. v. Swain, 248 Ala. 535, 538, 28 So.2d 714 (1947).
“The power to punish for contempt is inherent in every court of justice, and to deny this power, or to abridge it in any material respect, is to deprive the court of the power to protect itself from insult, to render it the mark of insult and ridicule, and to take from it the ability to enforce its mandates and decrees or to perform the functions with which it is invested by the law.”
Langel, § 42 at 17.
I concur in the result to grant the writ, however, because there is no evidence that Rountree’s actions impeded the orderly conduct of the court’s business. As the majority states, when Rountree did not appear at the October 8, hearing, “the trial judge conducted the hearing and entered a judgment against Hudmon on October 22.” Rountree’s failure to appear did not, therefore, impede the progress of the lawsuit.