# Louisville & Nashville R. R. Co. v. Street.

### Crossing Accident.

(Decided Dec. 16, 1909.—51 South. 306.) ·

1. *Death; Wrongful Death; Punitive Damages.*—Under section 2486, Code 1907, damages recoverable are punitive only, the amount resting in the discretion of the jury whose verdict is not subject to review by the trial court for inadequacy.

2. *Constitutional Law; Property Right; Punitive Damages.*—A person is without legal right to punitive damages, as that right· attaches to actual damages suffered and hence, the legislature may withhold the same affirmatively without impinging on the rights of property.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Action by Barbara Street as administratrix against the Louisville & Nashville Railroad Company, for the death of her decedent. There was verdict for plaintiff in the sum of one cent, which on motion was set aside ·

[Louisville & Nashville·R. R. Co. v. Street.]

for inadequacy, and a new trial was awarded, from which defendant appeals. Reversed and remanded.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. —The plaintiff recovered a verdict and hence, all grounds of the motion except those relating to insufficiency of the damages are eliminated.—*Carrington v. L. & N.*, 88 Ala. 472. Under the homicide statute, the damages are punitive merely and within the discretion of the jury, and hence, not revisable for inadequacy.— *R. & D. v. Freeman*, 97 Ala. 289; *Shannon v. Jefferson County*, 125 Ala. 389.

GASTON & PETTUS, for appellee.—Counsel cite authority to support their contention that the verdict was contrary to the weight of the evidence. They also cite authority in support of the proposition that the decedent was not a trespasser. They insist that the court had a right to set aside the verdict for inadequacy of damages.—*Bessemer L. & I. Co. v. Jenkins*, 111 Ala. 135; *A. G. S. v. Bailey*, 112 Ala. 167; *K. C. M. & B. v. Lackey*, 114 Ala. 152. These authorities, they concede, support the authority of the court to set aside a verdict because of excessive damages, but they insist that it is a poor rule that will not work both ways, and that if the court has the power in one instance, it certainly has it in the other.—13 Cyc. 125; *Miller v. Delaware*, 58 N. J. L. 428; *James v. R. & D.*, 92 Ala. 231; *Hardeman v. Williams*, 48 South. 108; 47 L. R. A. 41. The authorities cited on application for rehearing are set out in the opinion.

McCLELLAN, J.—This appeal, from an order granting a new trial of an action possible, alone, by virtue of the provisions of the homicide act (Code 1907,

§ 2486), and in which the jury awarded one cent damages, presents the inquiry whether a trial court may review and revise the amount of the jury's verdict, where, un'der the cited statute, the damages are punitive merely, and the amount to be assessed is left to the discretion of the jury—such damages "as the jury may assess." This statute has become fixed in this construction and effect, viz., that the recovery provided is punitive only.—*R. & D. R. R. Co. v. Freeman,* 97 Ala. 289, 11 South. 800, among others cited in the annotations of the statute. Being of that class of damages, the plaintiff is without legal right to them, as that right attaches to actual damages suffered.—*Comer v. Age-Herald Pub. Co.,* 151 Ala. 613, 44 South. 673, 13 L. R. A. (N. S.) 525. Such damages may be even forbidden, or affirmatively withheld, by legislative enactment, so far as impinging rights of property are concerned. In short, such damages, until a vested property right attaches to them through a judgment rendered in a party's favor, are not properly within the protection of Constitutions.

The chief argument in support of the right of review and revision here undertaken, on the ground of inadequacy of the sum assessed in this verdict, is that the right of review and revision of verdicts on the ground of *excessiveness* is universally admitted, and, proceeding from this as a premise, counsel for appellee put their argument in its strongest possible form when· they say: "It is a poor rule that will not work both ways." At first blush, the argument appears sound, and to conclude to impartiality and fairness. But maturer consideration discovers its vice. That vice lies in the assumption that the right of the defendant, who complains against an excessive verdict for punitive damages, is the like and same character of right of a

plaintiff who sought only to recover punitive damages. As to the former, the defendant, to discharge the judgment, to follow the verdict, must respond in a sum in excess of that a proper exercise of the discretion would have fixed as punitive; in the latter, the plaintiff's complaint involves no *property* to which he is, through the equivalent in damages, entitled. In the former, an obligation, a liability, is fixed; in the latter, the beneficiary is such, alone, because the statute intends, primarily, the punishment of the offender whose wrongfulness has taken human life. In the former, the estate of the wrongdoer is diminished; in the latter, the sum recovered is not an asset of the decedent's estate, not subject to his debts or liabilities, and so notwithstanding the sum recovered is distributable in accordance with our statutes of distribution.

The case, then, is one where the amount of the damages (purely punitive) is left to the discretion of the jury. The exercise of this discretion by the jury has never been, so far as we are advised, the subject of review and revision by trial courts, even where *actual* damages were shown and recoverable. Of course, our books abound in cases where this court reviewed the action of trial courts instructing juries that punitive damages might or might not be awarded by the jury in the given case. But this is an entirely different matter from revising the jury's judgment merely in the *sum* assessed, upon the ground of inadequacy. The statute commits the ascertainment of the amount to the jury's discretion. In dealing with new trials, granted or refused, on the ground of excessiveness of punitive damages stated in the verdict, the test has been often found in the inquiry, whether the verdict was the result of passion, prejudice or oppression. If so, an order for a new trial should be entered. No such

cause could affect the alleged inadequateness of the punitive damages assessed, for the reason that *no right* of the movant, aside from the right that the jury ascertain, *in their discretion,* the sum to be assessed as a punishment, was subject to the influence of adverse passion or prejudice, or was the result of a desire to oppress. Appellee's counsel cite a number of decisions of this court in support of the proposition that the power of review and revision, on the ground of the inadequacy of the damages assessed in the verdict, exists at nisi prius. There can be no doubt of the soundness of that proposition when *actual* damages are inadequately assessed. Of this school of cases may be noted *Hardeman v. Williams,* 157 Ala. 422, 48 South. 108, where trespass to real and personal property was the basis of recoverable damages, and one cent was awarded. It is not held, in that case, that the sum assessed was inadequate, because the jury should have, in their discretion, awarded punitive damages; much less that, if such damages were awarded, the sum could be revised in the trial court or elsewhere.

We think the principle, followed to its legitimate effect and result, forbids the review and revision of a verdict, given in an action under the homicide statute, on the sole ground of the inadequacy of the sum assessed, that could only be, and was, we must assume, so assessed, as the jury's idea of the *punishment* due the wrongdoer. Of course, and perhaps it is unnecessary to state it, we have dealt only with the right of revision of verdicts in respect of punitive damages, and have not assumed to treat or doubt the inherent right of trial courts to purge their records of verdicts rendered by juries guilty of misconduct usually avoiding the conclusion set forth in the verdicts. The order granting the new trial is reversed, and judgment will

be here entered overruling the motion for a new trial. Reversed and remanded.

DOWDELL, C. J. and SIMPSON and MAYFIELD, JJ., concur.

## ON REHEARING.

PER CURIAM.—In asserted support of the application for rehearing, in respect of the question decided, counsel for movant cite the following texts and decisions: 4 Suth. on Dam. § 1263; *Mobile Fur. Co. v. Little,* 108 Ala. 399, 19 South. 433; 14 Ency. Pl. & Pr. p. 760; *Benton v. Collins,* 125 N. C. 93, 34 S. E. 242, 47 L. R. A. 33; *Phillips v. Railway Co.,* Q. B. Div. Law Records (1878-79); *Lee v. Knapp,* 137 Mo. 385, 38 S. W. 1107; *Chouquette v. Sou. R. R. Co.,* 152 Mo. 257, 53 S. W. 897; Suth. on Dam. § 459; *Henderson v. St. Paul R. R. Co.,* 52 Minn. 483, 55 N. W. 53; Watson's Dam. for Personal Injuries, p. 884; Joyce on Dam. §§ 59, 552-562; 2 Suth. on Dam. § 393. None of these texts or decisions immediately bear upon the concrete question presented on this appeal, namely, whether a trial court may review and revise the *amount* of the jury's assessment of purely punitive damages, committed for ascertainment to the jury's discretion, on the sole ground of the *inadequacy* of the sum so assessed. And it may be added that in every decision cited for movant, where a new trial was sought or granted, *compensatory* damages were involved, or the effort, inviting appellate consideration, was to avoid the verdict because *excessive* in amount.

*Mobile Furniture Co. v. Little, supra,* a suit on garnishment bond, had to deal with, as here pertinent, a charge wherein it was said that the burden was on

plaintiff to furnish data from which the jury could as-
certain with reasonable certainty the amount of *actual*
and *exemplary* damages. To this question, speaking
through Haralson, J., the court responded: "Vindic-
tive damages allowed to be imposed by way of pun-
ishment, are at the discretion of the jury, within rea-
sonable limits. It was not incumbent on plaintiff to
furnish the data for them to ascertain with reasonable
certainty, the amount of such damages." This decision
is without bearing on the question here. The state-
ment, "within reasonable limits," obviously had refer-
ence to the maximum, and not to the minimum, sum
assessable by the jury as exemplary damages.

In the brief this quotation from Watson's excellent
work on Damages (supra) is set down: "But the
amount of such (punitive) damages is not within the
arbitrary or capricious discretion of the jury; it should
be reasonably adequate to the degree of fault." The
last phrase of the quotation was a credited appropria-
tion, by the learned author, from *L. & N. R. R. Co. v.
Minogue,* 90 Ky. 369, 374, 14 S. W. 357, 29 Am. St.
Rep. 378. Appellee was a passenger on one of appel-
lant's trains, and was injured as the result of a collis-
ion between that and another train. The jury return-
ed a verdict for $10,000 in favor of the appellee, and
the defendant (appellant) insisted that the sum assess-
ed was *excessive.* The court ruled against appellant's
stated insistence. The court, in dealing with this ques-
tion of excessiveness of the verdict, used the language
quoted by Mr. Watson. It is obvious that the Ken-
tucky court was not invited, nor did it assume, to an-
nounce the recognition of the power of review and revis-
ion of verdicts for punitive damages, only, on the sole
ground that the sum assessed by the jury, in its dis-
cretion, is *inadequate.*

The several texts cited in briefs announce general and familiar rules, but no writer, text or judicial (and investigation here has been exhaustive), has stated or approved the doctrine on which movant must rely on this occasion.

The rehearing is denied.