# Jones *v.* Birmingham Railway, L. & P. Co.

## *Death Action.*

(Decided January 12, 1915. Rehearing denied February 2, 1915. 67 South. 801.)

1. *Death; Child; Damages.*—The damages recoverable under section 2486, Code 1907, are punitive, whether the wrongful act or omission complained of as causing the death was due to simple negligence or was wanton and willful; but in fixing the amount of damages the jury may consider whether the wrongful act was wanton and willful or merely a negligent act.

2. *Negligence; Wantonness.*—Wantonness is such a want of care as to raise a presumption that the one in fault is conscious of the probable consequences of his carelessness, and is indifferent to the danger of injury to the person or property of another; unless an act is done, or omitted to be done under such circumstances known to the party that his conduct is likely to, or probably will, result in injury, and through reckless indifference to consequences he consciously and intentionally does a wrongful act, the injury cannot be said to be wantonly inflicted.

3. *Street Railways; Operation; Care Required.*—Where a child is on the street in a place of safety in charge of a grown nurse, a motorman operating a street car may assume that the nurse will not permit the child to cross the track in dangerous proximity to the

[Jones v. Birmingham Railway, L. & P. Co.]

approaching car, and may act on such assumption until it becomes reasonably apparent that the nurse is negligent and will likely permit the child to go on or dangerously near the track, and the motorman operating a car slowly and cautiously is not guilty of wantonness in inflicting an injury on the child, which runs on the track, unless he actually discovered that the child was beyond the control of the nurse and in a position of peril, in time to have taken action to avoid injuring the child.

4. *Same; Wantonness.*—The evidence examined and held not sufficient to justify a finding that the motorman was guilty of wantonness in running over a child.

5. *New Trial; Grounds; Newly Discovered Evidence.*—Where the plaintiff recovered a judgment for causing the death of his intestate by reason of simple negligence, such plaintiff is not entitled to a new trial on the grounds of newly discovered evidence, where such evidence did not show wanton injury.

APPEAL from Birmingham City Court.

- Heard before Hon. CHAS. W. FERGUSON.

Action by J. T. Jones, as administrator, against the Birmingham Railway Light & Power Co. for damages for the death of his intestate, a child, by being run over by a street car of the defendant. From a judgment for plaintiff granting insufficient relief, plaintiff appeals. Affirmed.

HARSH, BEDDOW & FITTS, for appellant. The jury might have legitimately drawn the inference from all the evidence that the motorman actually saw the peril of the child in time to have avoided the catastrophe, though he denies that he did see it in time, even though no witness had directly affirmed that he saw it in time. —*Sheffield Company v. Harris,* 61 South. 88; *B'ham Ry. L. & P. Co. v. Drennen,* 57 South. 876; *Southern Ry. Co. v. Shelton, Adm'r,* 136 Ala. 191; *Memphis & Charleston v. Martin,* 117 Ala. 369; *Memphis & Charleston v. Martin, Adm'r,* 131 Ala. 269; *Central of Ga. Ry. Co. v. Foshee,* 125 Ala. 200. The motorman may have been guilty of wantonness, as shown by *conditions* known to him, which would likely or probably have caused peril, even though he had not in fact been shown to have

known the actual specific peril, when it arose in time to have then prevented the death of the child.—*Central of Ga. Ry. Co. v. Partridge,* 136 Ala. 588; *Mobile J. & K. C. R. Co. v. Smith,* 153 Ala. 127; *Louisville & Nashville v. Webb,* 97 Ala. 315; *Harrington v. Los Angeles Ry. Co.,* 98 Am. St. Rep. 86. The evidence offered in support of the motion for a new trial was *not* cumulative, but was evidence contradictory of a simulated state of facts which was foist on the court and jury to the manifest concealment of the truth and the defeat of justice.—*Cox v. M. & G. R. Co.,* 44 Ala. 615; 29 Cyc. p. 909.

TILLMAN, BRADLEY & MORROW and FRANK M. DOMINICK, for appellee. Under the appeal in this case the court will not consider any questions except those which relate to the measure of damages.—*B. R. L. & P. Co. v. Randle,* 53 South. 18. The *Harris* and *Drennen Cases* cited by appellant are to be distinguished from the present case on three cardinal propositions; first, the child here was in charge of a grown nurse; second, in this case the car was being operated at a very cautious rate of speed, and third the car was stopped almost instantly, whereas in other cases it ran eighty feet or more. The evidence therefore justified the court in withdrawing the wanton counts from the jury. The newly discovered evidence tended only to show simple negligence and not wantonness, and as the plaintiff recovered on his simple negligence count, his evidence was merely cumulative.—*Jeter v. Central Coal Co.,* 43 South. 367. The motion for new trial was properly denied.—*Cobb v. Malone,* 9 South. 738.

THOMAS, J.—This is an appeal by appellant from a judgment in favor of himself for $500, rendered in a

suit brought by him as administrator under the homicide statute (Code, § 2486) for the death of his intestate, a child, which resulted from its being run over by a street car operated by defendant's motorman. The complaint contains two counts, the first being predicated upon simple negligence, and the second upon willful and wanton injury. The court at the request of the defendant, appellee here, charged affirmatively against plaintiff, appellant, as to the second mentioned count. Consequently the verdict returned in appellant's favor for $500, upon which the judgment from which he now appeals was founded, was returned under the first-mentioned count, under which the jury, in assessing the damages, were confined, of course, to the consideration of the question of simple negligence only.

Although the law is that the only kind of damages recoverable in this character of action is punitive, and this irrespective of whether the wrongful act or omission, complained of as causing the death, be wanton and willful or merely negligent (*L. & N. R. R. Co. v. Street*, 164 Ala. 155, 51 South. 306, 20 Ann. Cas. 877; *R. & D. R. R. Co. v. Freeman*, 97 Ala. 289, 11 South. 800), yet the jury, in fixing the amount of such punitive damages, which is a matter left to their sound discretion, have a right to consider the character of the act that produced the death— that is, as to whether it was malicious or merely a negligent one—because, punishment, and not compensation, being the design of the statute under which the action is brought, the degree of it should be measured by the extent of the offender's culpability.— Code, § 2486. Certainly a jury would be disposed to assess, and would have authority to assess, greater punitive damages where such act was malicious than where it was merely negligent. Hence, if in this case there was any evidence from which the jury might have in-

ferred that the injury from which plaintiff's intestate died was wantonly or willfully inflicted, then the court erred to the prejudice of plaintiff in charging out the said second count of the complaint.

The appellee, however, insists that we are not called upon in this case to determine whether there was or not such evidence, and this for the reason that the appellant consented for the court to give at appellee's request a written charge, numbered 9, which in effect, it urged, assumed that the only question in the case was one of simple negligence. This charge, numbered 9, reads as follows: "The court charges the jury that unless you believe from the evidence that. the motorman, on the occasion plaintiff complains of, negligently failed to keep a proper lookout, you should return a verdict for the defendant."

The bill of exceptions contains the following recital as to the circumstances under which this charge was given, to wit: "The charges numbered 2 [immaterial here] and 9 [the one quoted], respectively, were at first refused by the court, and the court wrote upon each of the charges: "Refused. Ferguson, Judge.' And thereupon in open court, and in the presence of the jury and before it retired, the plaintiff by his counsel consented that the court give the two said charges, 2 and 9, to the jury, and the court then wrote upon said two charges the words: 'Given. Ferguson. Judge. Consented'— and gave said two charges, 2 and 9, to the jury by consent of plaintiff's counsel."

It is contended by the appellee, therefore, that, since the expression of one thing is the exclusion of the other, the said charge 9, when properly construed, asserts in effect that under the evidence in this case the only basis on which the jury could find for the plaintiff would be a belief on their part from the evidence that defendant's

motorman "negligently failed to keep a proper lookout" on the occasion of the injury to plaintiff's intestate, and that such charge consequently withdrew from the jury, with the consent of the plaintiff, the consideration of any question of willful or wanton injury; hence that, even if there was any evidence warranting such a consideration, the plaintiff, as the result of such consent, is not in a position to complain either of the action of the court in giving the charge mentioned (from which he considerately refrains), or of its action in charging out said count 2, which he strenuously urges as error, insisting that, although there was no evidence of willful injury, there was evidence of wanton injury. Whether he, by consenting to such charge 9, is foreclosed from making this insistence we refrain from deciding (*Ex parte McNeil* 184 Ala. 420, 63 South. 992), for the reason that in our opinion there is no merit in the insistence itself; it being clear to our minds that there is nothing in the evidence that would support a finding of wantonness.

Wantonness is "such an entire want of care as to raise a presumption that the person in fault is conscious of the probable consequences of his carelessness and is indifferent or worse to the danger of injury to the person or property of another" (*Wilkinson v. Searcy,* 76 Ala. 180) ; and "unless an act is done, or omitted to be done, under circumstances   *   *   *   known to the person, that his conduct is likely to, or probably will, result in injury, and through reckless indifference to consequences he consciously and intentionally does a wrongful act,   *   *   *   the injury cannot be said to be wantonly inflicted."—*So. Ry. Co. v. Bunt,* 131 Ala. 595, 32 South. 508; *L. & N. R. R. Co. v. Mitchell,* 134 Ala. 266, 32 South. 735; *B. R. L. & P. Co. v. Brown,* 150 Ala. 329, 43 South. 342.

It appears here that the accident occurred on Tuscaloosa avenue in a residential portion of the city of Birmingham, at a point thereon where there are two parallel car tracks imbedded in and level with the street, which is straight and which runs east and west; that the car which struck the child was on the south one of these tracks going east along said street at the time of the accident; that just before the accident, and as the car was approaching the point where the accident occurred, the motorman saw the child, but the child was in charge of a grown nurse and was not then in a position of peril, being with its nurse in the street near the curb of the sidewalk on the north side of the street and standing at a fruit wagon which had stopped there in front of the residence of the child's parents; that the car was going at a slow rate of speed, and the child, escaping the attention of its nurse, came from the fruit wagon across the north car track and into the said car as it was approaching on said south car track, being struck by the northeast corner of the car, knocked down, and one of its legs run upon by the front wheel of the car on that side. The motorman had a right to assume that the nurse would discharge her duty and would pay proper care and attention to the child and not permit it to play, or to attempt to cross the track, in dangerous proximity to the approaching car; and the motorman had a right to act on such assumption until it became reasonably apparent that the nurse was neglecting such duty and would likely permit the child to go on or dangerously near said track; and, even then, operating, as he was, the car slowly and cautiously, before he could be guilty of wantonness in inflicting the injury, he must have actually discovered that the child was beyond the control of its nurse and in a position of peril in time to have taken preventive action to avoid the injury.

[Jones v. Birmingham Railway, L. & P. Co.]

No witness gives the distance from the car track where the child was struck to the point in the street where it was with its nurse at the fruit wagon when the motorman first discovered it, except to say that, between this track where the child was struck and the curb of the street on the north side, the disttance was such as to allow room for the other parallel car track mentioned, and room between it, the latter track, and the curb for the comfortable and safe passage of a vehicle. In this last-named space was standing, we assume, the fruit wagon, at which the child and nurse were. At what point they were about the wagon is left to conjecture, but wherever they were, they could not have been many feet from the track where the accident occurred, and it could not have taken many seconds of time for the child to leave, as it did, its nurse at the wagon and to cross, as it did, the other track and to come to the track where it was struck just as it reached it by the front corner of the passing car. There is nothing to show that the motorman saw the peril of the child—saw it beyond the control of the nurse and coming to the track—until the very moment that he applied the brakes and stopped the car, which was too late to prevent the injury. Negligence might, but wantonness cannot, under the circumstances here, be predicated upon his duty to see or upon the fact that he might have seen. Although the street at this point was a thickly settled residential section, it does not appear that the motorman was operating the car at a reckless rate of speed, but on the contrary, that he was with due regard to the conditions moving it, as all the witnesses testified, at a slow rate, some four or five miles an hour; therefore the fact that, in keeping, as it appears he did, a lookout ahead he either failed for a moment in his attention, or had for a moment his attention drawn elsewhere so that he did not see the

child the moment it left the nurse in coming towards the track, furnishes no basis for a charge of wantonness, when up to that moment the child was not in peril and it was natural and reasonable to suppose that the nurse would prevent it from getting in a position of peril. Every fact and circumstance in the case is entirely consistent with the motorman's statement that he did not see the child until it was right at the car; and the nurse herself swore that it all happened so quick that she did not miss the child from her side at the wagon until somebody screamed, when she turned and saw the child had been struck.

This case, it seems to us, may be so easily differentiated as to the facts to which the law is applied from the many cases cited by appellant in his brief as not to necessitate a detailed discussion of those cases.

The only other error assigned is predicated upon the action of the court in overruling plaintiff's motion for a new trial based on alleged newly discovered evidence. Nothing more need be said with reference to this than that none of the alleged newly discovered evidence tended to show that the injury to plaintiff's intestate was willfully or wantonly inflicted, by defendant's motorman; consequently there was no injury, if error, on the part of the court in overruling the motion, since the jury had already found in plaintiff's favor on the question of simple negligence and assessed damages accordingly. —*Randle v. Birmingham Railway, L. & P. Co.*, 169 Ala. 314, 53 South. 919.

The judgment appealed from is affirmed.

Affirmed.