(122 So. 12)

## ESDALE v. BAXTER. (6 Div. 217.)

Supreme Court of Alabama. April 25, 1929.

Cabaniss, Johnston, Cocke & Cabaniss and Gerry Cabaniss, all of Birmingham, for appellee.

Chas. W. Greer and George Frey, both of Birmingham, for appellant.

BROWN, J. This action is under the Homicide Act, Code of 1923, § 5696, to recover damages for negligently causing the death of plaintiff's testate.

. The trial resulted in a verdict and judgment for the defendant, and on this appeal the plaintiff presents for review the ruling. of the trial court in giving certain special in-

---

structions for the defendant and the overruling of plaintiff's motion for a new trial.

Charges 8, 13, 15, 16, and 17 relate solely to the character and measure of damages recoverable, and, if errors intervened in the giving of any of these charges, it was error without injury. Loveman v. B. R. L. & P. Co., 149 Ala. 515, 43 So. 411; Randle v. B. R. L. & P. Co., 169 Ala. 314, 53 So. 918.

The decisions construing and applying this statute are uniform in holding that the statute gives the personal representative of one whose death is caused by the wrongful act, omission, or negligence of another a right of action—that is, a right to sue and recover such damages as the jury may assess—and, while the damages are punitive in their nature, they are not in a strict sense a penalty or fine; nor is the action penal or quasi criminal, but is purely civil in nature for the redress of private, and not public, wrongs, Southern Railway Co. v. Bush, 122 Ala. 489, 26 So. 168. And criminal terminology as related to criminal prosecutions to enforce public justice has no place in a civil action under the statute. Watson v. Adams and Watson v. Franklin, 187 Ala. 490, 65 So. 528, Ann. Cas. 1916E, 565.

The decisions are also agreed that evidence going to show pecuniary damages is wholly irrelevant and immaterial, because such damages are not recoverable, and cannot be considered in such actions. Richmond & Danville R. Co. v. Freeman, 97 Ala. 289, 11 So. 800; Savannah & Memphis R. Co. v. Shearer, Adm'x, 58 Ala. 672; South & North Alabama R. R. Co. v. Sullivan, 59 Ala. 279; Buckalew, Adm'r, v. Tenn. Coal, Iron & R. Co., 112 Ala. 146, 20 So. 606; Alabama G. S. R. Co. v. Burgess, 116 Ala. 509, 22 So. 913; L. & N. R. Co. v. Tegner, Ex'x, 125 Ala. 593, 28 So. 510.

In the case last cited, this court, in reviewing the ruling of the trial court rejecting evidence offered to show the pecuniary loss suffered, observed: "Manifestly if this testimony cannot be made the basis upon which a jury would be authorized to act, *it has no place in the proceedings* and the court committed no error in refusing to allow it to be introduced." (Italics supplied.) If such evidence has no place in the proceedings, it is clear that the jury should not be instructed to consider "the fact that plaintiff is not entitled to compensation" in determining whether or not damages should be assessed at all.

While the damages recoverable are punitive, and the damages to be assessed are left by the statute to the sound discretion of the jury, in a large measure, yet the right of the plaintiff to recover is not a matter of discretion, but a matter of statutory right, if the evidence is sufficient to establish the cause of action, and there is an absence of defensive matter that would bar a recovery.

Charge 9, given at the instance of the defendant, goes further than to deal with the character and measure of damages, and by it the jury was instructed that "in determining whether you should assess any damages against the defendant * * * *you must* consider the fact that the plaintiff is not entitled to compensatory damages"; while charge 12 was contradictory of this instruction, and instructed the jury: "*You are not to consider any pecuniary loss sustained by the plaintiff* in determining the verdict you may render." (Italics supplied.)

Charge 12 correctly states the law, but charge 9 is erroneous, and the court committed error in giving it. Clinton Mining Co. v. Bradford, 192 Ala. 576, 69 So. 4; Vidmer et al. v. Lloyd, 184 Ala. 153, 63 So. 943.

It is suggested in consultation, and one of the justices at least entertains the view, inasmuch as the damages recoverable under the statute are punitive only, that the jury is vested by the statute with a discretion, not only as to the amount of the damages, but as to whether any damages should be assessed, and that the court is without power to revise their action on motion for new trial, where they elect to find a verdict for the defendant, even though the verdict is contrary to the great weight of the evidence. This contention is based on the utterances in Louisville & N. R. Co. v. Street, 164 Ala. 155, 51 So. 306, 20 Ann. Cas. 877. That case deals only with the power of the court to revise the action of the jury on the ground that the damages assessed are inadequate, and does not sustain the view advanced that the jury may disregard and nullify the statute by rendering a verdict for the defendant, though the great weight of the evidence sustains the plaintiff's case, and we cannot assent to this view.

A careful consideration of the evidence given on the trial convinces us that the verdict of the jury is contrary to the great weight of the evidence, and that the court erred in overruling the motion for a new trial. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738; White v. Blair, 95 Ala. 147, 10 So. 257.

Reversed and remanded.

FOSTER, J., concurs in the opinion.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur in the opinion in so far as it deals with the action of the court in overruling the motion for new trial.

THOMAS and BOULDIN, JJ., are further of opinion that charge 9 could have been well refused for using criminal terminology in dealing with the damages recoverable, but that it was not reversible error to give it.

SAYRE and GARDNER, JJ., dissent.

SAYRE, J. I dissent. Louisville & N. R. Co. v. Street, 164 Ala. 155, 51 So. 306. The

statute has been re-enacted (Code 1923) with the construction put upon it in the cited case. It provides that the plaintiff in a case brought under it may recover "such damages 'as the jury may assess.'" The prevailing opinion in effect amends the statute so as to require the assessment of damages to the extent of one cent, at least. Louisville & N. R. Co. v. Street, supra. I think the difference between a verdict for one cent and a verdict for nothing at all is negligible.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.