The City of Bessemer appeals from an order granting the plaintiff a new trial in a breach of contract action.
 I.
C.V. Foreman, Sr., individually and doing business as Foreman Sanitation Services, sued the City of Bessemer, seeking damages for the alleged breach of several contracts he claimed to have with the City for municipal garbage pickup. Foreman alleged that he had executed two written contracts with the City to provide garbage pickup in certain areas; that only the first of the two written contracts was valid; and that the City breached this contract by underpaying the agreed-upon fee. In the alternative to a recovery on the written contracts, Foreman sought a quantum meruit recovery for the value of his garbage pickup services. Foreman also alleged that he had an oral contract with the City that was in effect from October 1986 until the City changed its form of government in January 1993, and that under that oral contract the City was to set aside $1200 monthly in a pension fund for him, in return for his garbage pickup services in the downtown area. He alleged a breach of that contract.
The City counterclaimed, arguing that the first written contract was invalid and that under the second written contract, which it claimed was valid, it had actually overpaid Foreman and was entitled to a repayment of $22,335. The City further alleged that the terms for Foreman's pickup of downtown garbage were included within this second contract, and that it had had no oral contract to retain a pension fund in return for this service.
The jury returned a verdict for the City on Foreman's claim alleging breach of an oral contract. It awarded Foreman $145,860 on the theory of quantum meruit, apparently finding that neither written contract was valid. However, the jury also returned a verdict for the City on its counterclaim alleging overpayment under the second written contract, awarding the City $22,335; thus, in regard to the counterclaim the jury implicitly found that the second contract was valid. Foreman moved for a new trial, alleging an inconsistency of the verdicts; the trial court granted the motion.
 II.
Where a jury verdict is the result of confusion or is inconsistent in law, the trial court should grant a new trial; a new trial is necessary because, once the jury is dismissed, any attempt to reconcile the inconsistencies in a verdict must be based on mere speculation about the jury's intent. A.L.Williams Associates, Inc. v. Williams, 517 So.2d 596 (Ala. 1987).
The trial court gave the following jury charges as to the theory of quantum meruit:
 "Quantum meruit is founded upon an implied promise on the part of the defendant to pay the plaintiff as much as he reasonably deserves for his labor and service. *Page 761 
The amount of such damages are to be determined by you from the evidence you heard.
". . . .
 "The plaintiff . . . has pled quantum meruit for the services called for in the October of 1989 [contract]. If you find that there was no written contract between the parties but that the plaintiff provided the services that were contemplated, then if you find that the reasonable value of these services exceeds the amount paid to the plaintiff by the defendant, you may award him damages in whatever amount you determine the value of his services exceeded the amount paid.
 "The city has filed a counterclaim in this matter. It claims that the plaintiff was overpaid under the contract it offered as the true contract. If you are reasonably satisfied that the city's contract is the true contract and that the defendant overpaid the plaintiff upon his request when he knew, that is, when the plaintiff knew that this amount was not due him, then you may enter judgment for the city for such overcharge that was paid."
(Emphasis added.)
The trial court then gave the jury three forms relating to the written-contract claim. The first form allowed the jury to find for Foreman on that claim and to set his damages; the second form allowed the jury to find for Foreman on that claim based on quantum meruit; and the third form allowed the jury to find for the City on that claim.
The trial court then gave the jury two verdict forms relating to the city's counterclaim against Foreman based on the written contract. The first form allowed the jury to find for the City and to set the amount due the City for overpayment under the contract, and the second form allowed the jury to find for Foreman on the City's counterclaim.
The trial court also gave the jury a set of three separate verdict forms relating to the oral contract issues. The first form allowed the jury to find for Foreman on the contract claim and to set his damages; the second form allowed the jury to find for Foreman under the quantum meruit theory and to set the amount of recovery; the third form allowed the jury to find for the defendant on the oral contract claim.
During deliberations, the jury sent the following question to the trial court: "Can money be awarded for quantum meruit without declaring which written contract is the legal contract?" The trial court answered that the jury could give a quantum meruit recovery only if it found that neither of the written contracts was valid. The trial court emphasized that if the jury found that either of the written contracts was valid then it could not consider the quantum meruit claim at all.
The jury concluded its deliberation and returned with the following verdicts:
 "We the jury find for the plaintiff on his claim under written contract with the defendant on the basis of quantum meruit and set his damages at $145,860.
 "We the jury find for the defendant on the plaintiff's claim under oral contract.
 "We the jury find for the defendant on the counterclaim of overpayment to the plaintiff and set damages at $22,335."
The record thus shows that, although the trial court correctly charged the jury as to the quantum meruit claim and gave clear answers to the jury's additional questions about the doctrine of quantum meruit, the jury misapplied the law it was given and returned one verdict finding both written contracts invalid and a second verdict finding one of the written contracts valid. We agree with the trial court that Foreman is entitled to a new trial, as a matter of law.
Foreman contends that, although the inconsistency exists in the verdicts relating to the written contracts, his claims based on the alleged oral contract should also be retried. He points out that when claims are tried together and inconsistent verdicts are rendered on those claims, sound practice requires that the verdicts be set aside without analyzing the evidence in an attempt to determine which result the jury intended.City of Tallassee v. Harris, 431 So.2d 1177 (Ala. 1983). We agree that the issue of whether the parties had an oral contract is significantly tied to the issue of the validity of the written contracts. The City maintains that *Page 762 
the parties had no oral contract and that the terms of Foreman's downtown garbage pickup service were set by the second written contract. Thus, if on retrial the jury finds that the second written contract is not valid, it should determine whether the City entered an oral contract to compensate Foreman for the downtown garbage pickup. If on retrial the jury determines that the second written contract was valid, it should determine whether that contract set the terms for downtown garbage pickup or whether there was a separate oral contract on that matter.
The order granting Foreman's new trial motion is affirmed.
AFFIRMED.
HOOPER, C.J., and ALMON, HOUSTON, and INGRAM, JJ., concur.