Rel: September 27, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2024

_____

### SC-2023-0798

_____

### Benjamin C. Deese

v.

### Jerald Brown, as administrator of the Estate of Raymond A. Trigger, deceased, and as administrator of the Estate of Florence Dean Trigger, deceased

### Appeal from Houston Circuit Court
### (CV-19-900622)

BRYAN, Justice.

This appeal is from an order of the Houston Circuit Court ("the trial court") granting a new trial after a jury returned its verdicts in a

wrongful-death action that arose from an automobile collision. Jerald Brown, as the administrator of the estate of Raymond A. Trigger, deceased, and as the administrator of the estate of Florence Dean Trigger, deceased, sued Benjamin C. Deese, alleging negligence and wantonness. The jury returned a verdict in favor of Brown, with regard to Florence's death, for $50,000 and in favor of Brown, with regard to Raymond's death, for $1. Brown moved for a new trial, arguing that the verdict with regard to Raymond's death was inadequate and did not afford Raymond's wrongful-death beneficiaries equal protection of law. The trial court granted the motion and ordered a new trial. Deese appealed. For the reasons explained below, we reverse the trial court's order granting a new trial and remand this case with instructions to the trial court to enter a judgment on the jury's verdicts.

## Background

The automobile collision made the basis of this suit occurred in the late afternoon on November 5, 2018. Florence was the passenger in a vehicle driven by her husband, Raymond. They had stopped their vehicle off the road at their mailbox, which was located across the road from their driveway. Raymond made a right turn from the mailbox into their

2

driveway, thus crossing both lanes of travel and entering into the path of a truck being driven by Deese, who was driving home from work. Deese's truck struck the passenger side of the Triggers' vehicle. Florence died at the scene of the collision. Raymond died from his injuries in January 2019.

Brown, as the administrator of both estates, sued Deese pursuant to the wrongful-death statute, § 6-5-410, Ala. Code 1975, asserting claims of negligence and wantonness. The parties argued extensively at trial about questions of causation and contributory negligence. The evidence underlying those arguments is irrelevant to the narrow issues presented in this appeal, which do not involve the sufficiency of the evidence supporting the verdicts.

The trial court instructed the jury on negligence, wantonness, contributory negligence, the applicable rules of the road, and damages. Regarding contributory negligence, the trial court instructed: "If Raymond['s] … conduct was contributory negligen[ce], he cannot recover on his claim that … Deese was negligent. … If you find that both parties were guilty of simple negligence and each is a proximate contributing cause, then neither party can recover damages from the other."

3

Regarding damages, which are exclusively punitive in wrongful-death cases, the trial court instructed:

> "[T]he damages in this case are punitive and not compensatory. Punitive damages are awarded to preserve human life, to punish the defendant, … Deese, for his wrongful conduct, and to deter or discourage … Deese and others from doing the same or similar wrongs in the future. The amount of damages must be directly related to … Deese's culpability. And by that I mean how bad his wrongful conduct was. You do not consider the monetary value of Raymond['s] … or Florence['s] life because the damages are not to compensate the estate of the Triggers or … -- or Raymond['s] … or Florence['s] family from a monetary standpoint because of their death. The amount you'll award is within your discretion based on the evidence and the guidelines in this instruction."

The trial court also instructed the jury regarding nominal damages: "Nominal damages are a small amount of money awarded, for example, one dollar. When you are reasonably satisfied from the evidence that Raymond and Florence … have been harmed but [Brown] has not proved the amount[] you should award." These instructions were all given without objection.

After some deliberation, the jury returned to the trial court with a question. The trial court received the question with counsel for the parties present. The foreperson asked: "Well, we were asking if we found both parties at fault, could we award Mrs. Trigger instead of Mr. Trigger

or does it cancel out if we are -- find both parties at fault?"  The trial court consulted with counsel outside the presence of the jury.  All agreed to the following answer, which the trial court gave to the jury: "The answer to the question of -- of can you find for one party and not the other is yes.  And the answer, does it cancel each other out, is no."  The foreperson expressed understanding of the answer, and the jury returned to its deliberations.

The jury then completed verdict forms, finding in favor of Brown, with regard to Florence's death, and awarding damages of $50,000 and finding in favor of Brown, with regard to Raymond's death, and awarding damages of $0.  Outside the presence of the jury and off the record, the trial court and counsel discussed the verdicts.  The trial court then recalled the jury and gave further instructions regarding the verdict regarding Raymond's death:

> "I want to address the verdict form relating to … Raymond Trigger.  …  I'm going to read you two of the instructions again.  Okay?  And before I do, let me make a simple statement as to the law, is that when -- when -- the plaintiff's damages cannot be zero dollars."

The trial court then gave the instructions regarding damages and nominal damages again.  Thereafter, one juror asked a question: "Yeah.

5

So instead of zero, we're supposed to do one dollar?" The trial court responded: "Damages are within y'all's discretion according to those two instructions I just gave you." The juror asked further: "Okay. You said the zero amount wasn't allowed?" The trial court responded: "Zero is not allowed by law." Neither party objected to those instructions and answers by the trial court. The jury again deliberated and returned a verdict in favor of Brown, with regard to Raymond's death, and against Deese and assessed damages at $1. The trial court dismissed the jury, and the verdicts were later entered into the record.

Brown filed a motion for a new trial or, alternatively, an award of costs. Brown argued that the verdicts were inconsistent and that the inconsistency was the result of confusion stemming from the $0 award that had been rejected by the trial court. Regarding the $1 award regarding Raymond's death, Brown argued that the verdict was inadequate. Brown's argument in that regard was not that the $1 award was inadequate to punish Deese but, rather, that the award did not adequately compensate the wrongful-death beneficiaries for their suffering and the estates for the costs of litigation. Thus, as an

6

alternative to a new trial, Brown asked for an award of costs, including expert-witness fees, which had made up the bulk of the costs of litigation.

In a supplemental motion for a new trial, Brown presented a single argument, generally referencing the Equal Protection Clause of the 14th Amendment to the United States Constitution. Brown noted the jury instructions related to contributory negligence, which had instructed that, if Raymond was contributorily negligent, there could be no recovery regarding his death. Brown argued that, "[o]nce the jury found no contributory negligence on behalf of Mr. Trigger, the assessment of punitive damages for Mr. and Mrs. Trigger should have been equal." Brown did not cite any case or other authority demonstrating that the Equal Protection Clause requires identical punitive-damages awards for claims arising under Alabama's wrongful-death statute.

Deese responded and argued that the $1 award did not cause the verdicts to be inconsistent and that punitive-damages awards are not subject to review on grounds of inadequacy. He also argued that expert-witness fees are not recoverable under Alabama law, absent some statutory authorization.

7

After a hearing on Brown's motions, the trial court entered an order granting a new trial. It did not state any reasons for its ruling. Deese filed a timely notice of appeal.

## Standard of Review

"Granting or refusing a motion for new trial rests within the sound discretion of the trial court; the exercise of that discretion carries with it a presumption of correctness which will not be disturbed by this court unless some legal right was abused and the record plainly and palpably shows the trial court was in error."

Hill v. Cherry, 379 So. 2d 590, 592 (Ala. 1980).

## Analysis

Deese argues on appeal that, under settled law, punitive-damages awards under the wrongful-death statute are not reviewable on the ground of inadequacy. See Louisville & Nashville R.R. v. Street, 164 Ala. 155, 51 So. 306 (Ala. 1909). The jury's initial verdict awarding $0 in damages regarding Raymond's death, Deese admits, was inconsistent as a matter of law and would have been subject to review and a basis for a new trial. However, he argues, once the trial court rejected that verdict and the jury returned with a nominal-damages award, the inconsistency was resolved and the issue became one of inadequacy, which, he says, is not subject to review. See Denton v. Foley Athletic Club, 578 So. 2d 1317,

8

1318-19 (Ala. Civ. App. 1990). Deese also argues that equal-protection principles provided no basis for a new trial because Brown's argument to the trial court was not supported by citation to authority. Deese also notes that Brown has not addressed that purported ground for a new trial at all on appeal.

Whether the jury's verdicts present an issue of inadequacy or inconsistency is a threshold question in this case because, as explained in more detail below, a trial court can properly review a jury's verdicts to determine whether they are inconsistent but exceeds its discretion when reviewing a jury's punitive-damages award in a wrongful-death action to determine whether it is inadequate. Thus, we first address the nature of the grounds upon which Brown sought a new trial in the trial court before considering the substance of his arguments. Finally, we address Brown's reliance in the trial court on the Equal Protection Clause as an alternative ground for a new trial.

I. Inconsistency vs. Inadequacy

Brown's arguments below were limited to the ground of inadequacy. He effectively conceded to the trial court that the legal inconsistency created by the jury's initial $0 award regarding Raymond's death had

9

been resolved, but he now argues on appeal that the $1 award regarding Raymond's death and the $50,000 award regarding Florence's death are inconsistent.

The Court of Civil Appeals aptly explained the distinction between the inconsistency and the inadequacy of jury verdicts in Denton, 578 So. 2d at 1318-19:

> "The Alabama Supreme Court has repeatedly held that where a jury in a negligence action returns a verdict for the plaintiff but awards no damages such a verdict is inconsistent on its face as a matter of law. Thompson v. Cooper, 551 So. 2d 1030 (Ala. 1989) (emphasis added). See also Clements v. Lanley Heat Processing Equipment, 548 So. 2d 1345 (Ala. 1989); Moore v. Clark, 548 So. 2d 1352 (Ala. 1989); Stinson v. Acme Propane Co., 391 So. 2d 659 (Ala. 1980); 15A Ala. Digest, New Trial, Key No. 60 (1959). Without exception, these cases have pertained to juries which find the defendant negligent without awarding any damages to the plaintiff. Such verdicts are inherently inconsistent because they seek to establish negligence even while rejecting an essential element of the negligence claim.
>
> "No such inconsistency has been found in cases where the plaintiff has been awarded some amount of damages, however small; rather, the issue in these cases has been the inadequacy of the award in light of the actual damages proven. See Benson v. Vick, 460 So. 2d 1309 (Ala. Civ. App. 1984) (award of $1.00 held inadequate compensation for actual damages); Jackson v. Roddy, 224 Ala. 132, 139 So. 354 (1932) (damages award of one cent held inadequate); 7A Ala. Digest, Damages, Key No. 130(4) (1955). It is thus the absence of damages, not the deficiency thereof, which renders the entire verdict inconsistent.

10

> "There is no such absence in this case. The jury's verdict did include an award of damages, albeit a minuscule one. While the amount of the award may appear inconsistent with the amount of actual damages proven, the <u>verdict</u> itself is not inconsistent as a matter of law."

See also <u>Daniel v. Passmore</u>, 998 So. 2d 1079 (Ala. Civ. App. 2008). Thus, the jury's initial verdict awarding $0 in damages regarding Raymond's death would have been inconsistent as a matter of law because such an award would indicate both that the jury found Deese liable for negligence but also that Brown had not satisfied the damages element of that negligence claim. <u>See</u> <u>Downs v. Goodwin</u>, 827 So. 2d 122 (Ala. Civ. App. 2002) (holding that $0 damages award in suit arising from automobile accident was inconsistent). The trial court rightly did not allow that verdict to stand.

Regarding the $1 verdict, the issue is more complicated. Deese implies on appeal that inconsistent verdicts are limited to situations involving $0 damages awards and that, once the trial court resolved that problem, the issue became one of inadequacy. This is in harmony with the explanation of the distinction between the inconsistency and the inadequacy of jury verdicts in <u>Denton</u>, quoted above. However, Brown correctly notes that there is a broader set of circumstances where verdicts

may be inconsistent. Such situations usually occur when a jury's verdicts on multiple claims are somehow mutually exclusive or conflict with instructions given by the trial court.

This Court has explained:

"A verdict has been described as 'inconsistent' when the jury 'inconsistently resolved the same issue in two separate counts,' State Farm Fire & Cas. Co. v. Slade, 747 So. 2d 293, 319 (Ala. 1999), when the verdict appears to be 'the result of confusion,' City of Bessemer v. Foreman, 678 So. 2d 759, 760 (Ala. 1996), or when the record in a case does not reveal a situation in which the jury's decisions can coexist, Ex parte Alfa Mut. Ins. Co., 799 So. 2d 957, 962 (Ala. 2001). See also Smith v. Richardson, 277 Ala. 389, 391, 171 So. 2d 96, 97 (1965) (stating that differing verdicts on separate but identical claims filed by separate parties were 'clearly inconsistent, having been rendered at the same time by the same jury, on identical facts, [and having] render[ed] speculative what the jury intended by its verdicts. Patently, the verdicts indicate confusion on the part of the jury.'). When a jury verdict is inconsistent, the proper remedy is a new trial. Bessemer, 678 So. 2d at 760. This is so because 'any attempt to reconcile the inconsistencies in a verdict must be based on mere speculation about the jury's intent.' Id.; see also A.L. Williams & Assocs., Inc. v. Williams, 517 So. 2d 596, 598 (Ala. 1987) ('Where the jury verdict is the result of confusion or is inconsistent in law, the trial court should grant a new trial. A new trial is necessary, because once the jury is dismissed any attempt to reconcile the inconsistencies in a verdict amounts to mere speculation about the jury's intent.' (citation omitted))."

Jones Express, Inc. v. Jackson, 86 So. 3d 298, 303-04 (Ala. 2010) (jury found employee not negligent but found employer guilty of negligent

hiring, retention, and supervision, thus finding both that employee did and did not run red light). See also Johnston v. Castles & Crowns, Inc., 259 So. 3d 643, 653 (Ala. 2017) (jury acted contrary to instruction to consider unjust-enrichment claim only if it did not find against plaintiff on conversion and conspiracy claims); State Farm Fire & Cas. Co. v. Slade, 747 So. 2d 293 (Ala. 1999) (jury found that insurance company had not breached contract and that it had breached contract and was guilty of bad faith); City of Bessemer v. Foreman, 678 So. 2d 759 (Ala. 1996) (jury found contract both invalid and valid); Clark v. Black, 630 So. 2d 1012 (Ala. 1993) (jury award of medical expenses to child instead of to parents who had paid expenses was contrary to jury instruction, thus verdict awarding $0 to parents was inconsistent with the verdict for the child).

The two cases dealing with inconsistent verdicts in this broader context that seem most like the situation presented in this case are Barnes v. Oswalt, 579 So. 2d 1319 (Ala. 1991)(plurality opinion), and Smith v. Richardson, 277 Ala. 389, 171 So. 2d 96 (1965). In Barnes, an automobile collision had resulted in injuries to a husband and in the death of his wife. The husband sued for damages for his own injuries and

asserted a wrongful-death claim regarding his wife's death. The claims were tried together, and the jury returned a verdict awarding $15,000 in damages on the husband's personal-injury claim, but returned a verdict for the defendant on the wrongful-death claim. This Court found the verdicts inconsistent, reasoning:

> "The jury reached its decision based upon the same alleged negligent act of driving on the wrong side of the road. In essence, the jury found the defendant negligent on the personal injury claim, but not negligent on the wrongful death claim, even though both claims arose from the same circumstances. We recognize that damages under personal injury actions and wrongful death actions differ. In personal injury actions damages are compensatory in nature, while damages in wrongful death actions are punitive in nature. Although the jury has discretion in awarding punitive damages, an award of punitive damages cannot stand where the jury has mistaken the rules of law in awarding such damages."

Barnes, 579 So. 2d at 1322.

In Smith, relied on heavily by this Court in Barnes, a child was struck by an automobile while crossing the street. Her father sued the driver on the child's behalf as next friend, and he asserted his own individual claims based on the child's injuries. The father had filed separate complaints, but the cases were joined for trial and "the verdicts rendered on the identical facts." Smith, 277 Ala. at 391-92, 171 So. 2d at

14

97. The jury returned a verdict for the defendant in the child's case and a verdict for the father in his case, awarding him more than $5,000 in damages. Thus, the jury essentially found the defendant both negligent and not negligent. The Court noted the mirror appellate arguments asserted by the defendant and counsel for the child -- specifically, that the jury's favorable verdict for the plaintiff or the defendant in one case necessitated a favorable verdict for the plaintiff or the defendant in the other case. The Court explained: "The verdicts, clearly inconsistent, having been rendered at the same time by the same jury, on identical facts, renders speculative what the jury intended by its verdicts. Patently, the verdicts indicate confusion on the part of the jury." 277 Ala. at 391, 171 So. 2d at 97. Thus, this Court declined to treat the verdicts as if they had been entered in separate cases. Instead, the Court considered analogous rules relating to verdicts as to joint defendants, found the verdicts inconsistent, and determined that a new trial was warranted.

In this case, Brown argues on appeal that the verdicts containing differing damages awards regarding Florence's death and Raymond's death, which were returned at the same time by the same jury on

identical facts, show confusion on the part of the jury and render the verdicts inconsistent. Critically, however, this Court's decisions in Barnes and Smith were not based on differences in the amounts of damages awarded. The inconsistencies in both of those cases lied instead in the Court's conclusion that, on the same set of facts, the juries had found the defendants both negligent and not negligent. This is not the situation presented here.

In this case, it is clear that Brown is concerned with the adequacy of the jury's nominal award of $1 in damages for Raymond's death and not with any inconsistent findings inherent in the jury's verdicts. He asserts: "[T]he confusion was not cured, and the jury was essentially left with the impression after the second jury question in open court that a verdict for One Dollar ($1.00) would be appropriate." Brown's brief at 21. However, Brown has identified no error in the trial court's instructions to the jury that a $1 award could be appropriate under certain circumstances.

The trial court's original instructions to the jury included a charge on nominal damages. That was fully consistent with Alabama law, because nominal damages can be appropriate in wrongful-death cases.

16

See <u>Richmond & Danville R.R. v. Freeman</u>, 97 Ala. 289, 298, 11 So. 800, 803 (1892) ("The negligence of a defendant[,] while sufficient to make out a technical cause of action, and plaintiff's right to recover judgment, might yet be so slight or so characterized by mitigating circumstances as that the jury would be justified in the imposition of such punishment only as is involved in the assessment of merely nominal damages, since there is no question of compensation or actual damages to be considered."). Tellingly, Brown did not object to the trial court's nominal-damages instruction, and he admits on appeal that the charge was a correct statement of law.

The jury's first question to the trial court seemed to inquire whether the jury could award differing amounts of damages on the wrongful-death claims. On behalf of the jury, the foreperson asked: "Well, we were asking if we found both parties at fault, could we award Mrs. Trigger instead of Mr. Trigger or does it cancel out if we are -- find both parties at fault?" Neither party objected to the Court's affirmative response that the jury could "find for one party and not the other." Neither party asked that the jury be further instructed regarding contributory negligence in response to the fault-related part of the jury's question.

17

When the jury returned a verdict awarding $0 in damages regarding Raymond's death, the trial court again instructed the jury regarding both punitive and nominal damages. Again, no party objected to those charges, and no party requested that the jury be charged again on contributory negligence. One juror asked if the jury was "supposed to" award $1. Neither party objected to the trial court's response that the damages award could not be $0, but was otherwise within the jury's discretion, consistent with the instructions on both punitive and nominal damages.

Thus, the jury was instructed, without objection from any party, that it could award differing amounts of damages on the wrongful-death claims and that it was within its discretion to award nominal damages regarding Raymond's death. "'Unchallenged jury instructions become the law of the case.'" Johnston, 259 So. 3d at 651 (quoting Clark, 630 So. 2d at 1017)(both cases finding a new trial appropriate because the jury had failed to follow unchallenged instructions). Having failed to object to the jury charge on nominal damages, Brown was precluded from arguing that the charge confused the jury and warranted a new trial. See Lance v. Ramanauskas, 731 So. 2d 1204, 1213-14 (Ala. 1999) (having failed to

object to jury charge, party was precluded from arguing that the charge confused the jury and warranted a new trial).

Had Brown objected to the charges and sought a new trial based on some defect in the trial court's rulings, the trial court's review of the jury's verdict might have been appropriate. See Hughes v. Southern Haulers, Inc., 379 So. 2d 601, 603 (Ala. Civ. App. 1980) (holding that review of verdict in wrongful-death case is precluded when "sole ground for granting the new trial is the inadequacy of the sum assessed" but that review is appropriate when errors complained of are "rulings of the trial court allegedly affecting the award"). However, he made no such objection, and his motion for a new trial did not assert such grounds. Therefore, Brown's complaint that "the jury was essentially left with the impression … that a verdict for One Dollar ($1.00) would be appropriate," Brown's brief at 21, relates instead to Brown's belief that the amount of damages awarded was inadequate. However, for the reasons explained below, the alleged inadequacy of a punitive-damages award in a wrongful-death case is not a sufficient basis upon which to grant a plaintiff's motion for a new trial.

19

II. Alleged Inadequacy of Punitive-Damages Award Not Reviewable

Deese correctly argues on appeal that, unlike compensatory-damages awards, Alabama law does not permit the trial court to inquire into the adequacy of punitive damages in wrongful-death cases. See Crenshaw v. Alabama Freight, Inc., 287 Ala. 372, 252 So. 2d 33 (1971) (affirming denial of new trial in wrongful-death action sought on ground of inadequacy of award); Louisville & Nashville R.R. v. Street, 164 Ala. 155, 51 So. 306 (1910) (reversing order granting new trial in wrongful-death action based solely on inadequacy of award). Cf. Alabama Power Co. v. Turner, 575 So. 2d 551 (Ala. 1991) (considering constitutional challenges to punitive-damages awards in wrongful-death cases and holding that such awards are within jury's discretion).

Brown acknowledges the rule that an award of punitive damages in a wrongful-death action is within the jury's discretion and is not reviewable by the trial court on the ground of inadequacy. However, he asks this Court to abandon that established rule and to "liberalize the procedure for post-trial review of an inadequate award of punitive damages in a wrongful death case." Brown's brief at 28. Primarily, Brown's argument rests on a supposed unfairness in allowing defendants

to seek review of allegedly excessive punitive-damages awards while also denying plaintiffs the ability to seek review of allegedly inadequate punitive-damages awards.

However, those considerations have already been thoroughly and squarely addressed by this Court more than a century ago in Louisville & Nashville R.R., 164 Ala. at 156-60, 51 So. 306-07:

> "This appeal, from an order granting a new trial of an action possible, alone, by virtue of the provisions of the homicide act (Code 1907, § 2486), and in which the jury awarded one cent damages, presents the inquiry whether a trial court may review and revise the amount of the jury's verdict, where, under the cited statute, the damages are punitive purely, and the amount to be assessed is left to the discretion of the jury -- such damages 'as the jury may assess.' This statute has become fixed in this construction and effect, viz., that the recovery provided is punitive only. R. & D. R. R. Co. v. Freeman, 97 Ala. 289, 11 South. 800 [(1892)], among others cited in the annotations to the statute. Being of that class of damages, the plaintiff is without legal right to them, as that right attaches to actual damages suffered. Comer v. Age-Herald Pub. Co., 151 Ala. 613, 44 South. 673, 13 L.R.A. (N.S.) 525 [(1907)]. Such damages may be even forbidden, or affirmatively withheld, by legislative enactment, so far as impinging rights of property are concerned. In short, such damages, until a vested property right attaches to them through a judgment rendered in a party's favor, are not properly within the protection of Constitutions.
>
> "The chief argument in support of the right of review and revision here undertaken, on the ground of inadequacy of the sum assessed in this verdict, is that the right of review and revision of verdicts on the ground of excessiveness is

21

universally admitted, and, proceeding from this as a premise, counsel for appellee put their argument in its strongest possible form when they say: 'It is a poor rule that will not work both ways.' At first blush, the argument appears sound, and to conclude to impartiality and fairness. But maturer consideration discovers its vice. That vice lies in the assumption that the right of the defendant, who complains against an excessive verdict for punitive damages, is the like and same character of right of a plaintiff who sought only to recover punitive damages. As to the former, the defendant, to discharge the judgment, to follow the verdict, must respond in a sum in excess of that a proper exercise of the discretion would have fixed as punitive; in the latter, the plaintiff's complaint involves no <u>property</u> to which he is, through the equivalent in damages, entitled. In the former, an obligation, a liability, is fixed; in the latter, the beneficiary is such, alone, because the statute intends, primarily, the punishment of the offender whose wrongfulness has taken human life. In the former, the estate of the wrongdoer is diminished; in the latter, the sum recovered is not an asset of the decedent's estate, not subject to his debts or liabilities, and so notwithstanding the sum recovered is distributable in accordance with our statutes of distribution.

"The case, then, is one where the amount of the damages (purely punitive) is left to the discretion of the jury. The exercise of this discretion by the jury has never been, so far as we are advised, the subject of review and revision by trial courts, even where <u>actual</u> damages were shown and recoverable. Of course, our books abound in cases where this court reviewed the action of trial courts instructing juries that punitive damages might or might not be awarded by the jury in the given case. But this is an entirely different matter from revising the jury's judgment merely in the sum assessed, upon the ground of inadequacy. The statute commits the ascertainment of the amount to the jury's discretion. In dealing with new trials, granted or refused, on the ground of excessiveness of punitive damages stated in the verdict, the

22

test has been often found in the inquiry, whether the verdict was the result of passion, prejudice or oppression. If so, an order for a new trial should be entered. No such cause could affect the alleged inadequateness of the punitive damages assessed, for the reason that <u>no right</u> of the movant, aside from the right that the jury ascertain, <u>in their discretion</u>, the sum to be assessed as a punishment, was subject to the influence of adverse passion or prejudice, or was the result of a desire to oppress. Appellee's counsel cite a number of decisions of this court in support of the proposition that the power of review and revision, on the ground of the inadequacy of the damages assessed in the verdict, exists at nisi prius. There can be no doubt of the soundness of that proposition when <u>actual</u> damages are inadequately assessed. Of this school of cases may be noted <u>Hardeman v. Williams</u>, 157 Ala. 422, 48 South. 108 [(1908)], where trespass to real and personal property was the basis of recoverable damages, and one cent was awarded. It is not held, in that case, that the sum assessed was inadequate, because the jury should have, in their discretion, awarded punitive damages; much less that, if such damages were awarded, the sum could be revised in the trial court or elsewhere.

"We think the principle, followed to its legitimate effect and result, forbids the review and revision of a verdict, given in an action under the homicide statute, on the sole ground of the inadequacy of the sum assessed, that could only be, and was, we must assume, so assessed, as the jury's idea of the <u>punishment</u> due the wrongdoer. Of course, and perhaps it is unnecessary to state it, we have dealt only with the right of revision of verdicts in respect of punitive damages, and have not assumed to treat or doubt the inherent right of trial courts to purge their records of verdicts rendered by juries guilty of misconduct usually avoiding the conclusion set forth in the verdicts. The order granting the new trial is reversed, and judgment will be here entered overruling the motion for a new trial."

23

Brown presents no argument in response to this reasoning set forth in Louisville & Nashville R.R., which has been the law in Alabama for nearly 115 years. We see no reason to depart from it now.

Brown also argues that wrongful-death plaintiffs facing allegedly inadequate punitive-damages awards have "no … remedy." Brown's brief at 30. However, as noted above, such plaintiffs are not wholly without any opportunity for review in appropriate circumstances. For instance, review may be appropriate when a challenge is made to "rulings of the trial court allegedly affecting the award." Hughes, 379 So. 2d at 603. No such challenge was brought in this case.

Instead, Brown's arguments to the trial court related to an alleged failure to adequately compensate the estates for the costs of litigation or to compensate the wrongful-death beneficiaries for the loss of their loved ones. As explained in Louisville & Nashville R.R., a decedent's estate has no entitlement to punitive damages to defray the costs of litigation. Moreover, the wrongful-death statute is punitive in nature because it is designed to prevent the loss of life, not to compensate a family for the loss of the decedent's life. See Richmond, 97 Ala. at 292-95, 11 So. at 800-02.

24

For the foregoing reasons, we decline to depart from more than a century of settled law on this question. Indeed, as this Court has explained, permitting trial courts to even consider whether an award is adequate to punish a defendant would violate the Alabama Constitution. See Ex parte Vulcan Materials Co., 992 So. 2d 1252, 1261 (Ala. 2008) ("[W]here a jury has awarded punitive damages, a trial court may not, consistent with the right to a trial by a jury as guaranteed by Ala. Const. 1901, § 11, order an additur of punitive damages under any, or any combination, of the Green Oil [Co. v. Hornsby, 539 So. 2d 218 (Ala. 1989),] factors.").

Deese correctly notes that Louisville & Nashville R.R. is controlling authority in the circumstances presented by this appeal. Brown's argument in support of a new trial based on the alleged inadequacy of the punitive-damages award did not present an issue that was proper for review by the trial court.

### III. Equal Protection

The only other ground presented to the trial court for a new trial was Brown's generalized argument based on principles derived from the Equal Protection Clause of the 14th Amendment to the United States

Constitution. However, Brown cited no authority to support that argument in the trial court, and he totally omits any equal-protection argument from his brief on appeal. Although "[t]his Court may affirm a trial court's judgment on 'any valid legal ground presented by the record,'" we can discern no reason for concluding that the provisions of the Equal Protection Clause require that a new trial be conducted under the circumstances of this case. General Motors Corp. v. Stokes Chevrolet, Inc., 885 So. 2d 119, 124 (Ala. 2003) (quoting Liberty Nat'l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So. 2d 1013, 1020 (Ala. 2003)).

Furthermore, as with Brown's argument that the jury was not free to award $1 in damages regarding Raymond's death, the trial court instructed the jury that the damages awards regarding Florence's death and Raymond's death could be different. This instruction, given without objection from either party, became the law of the case and precludes a new trial based on any argument that the awards must be equal. See Johnston, 259 So. 3d at 651; Lance, 731 So. 2d at 1213-14; Clark, 630 So. 2d at 1017.

26

Conclusion

For the foregoing reasons, we conclude that the trial court exceeded its discretion by granting Brown's motion for a new trial.  See Hill, 379 So. 2d at 592; Louisville & Nashville R.R., 164 Ala. at 159-60, 51 So. at 307.  Therefore, the trial court's order is hereby reversed, and this case is remanded with instructions to the trial court to enter a judgment on the jury's verdicts.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Parker, C.J., and Shaw, Wise, Sellers, Stewart, Mitchell, and Cook, JJ., concur.